### In re MUELLER.

(Circuit Court of Appeals, Sixth Circuit. February 7, 1905.)

#### No. 1,369.

1. BANKRUPTCY—APPELLATE JURISDICTION—MODE OF REVIEW.

Judgments or orders of a District or Circuit Court entered in controversies arising in bankruptcy proceedings, as distinguished from those entered in bankruptcy proceedings proper, are reviewable by the Circuit Courts of Appeals only by appeal or writ of error under their general ap-

pellate jurisdiction, as provided in Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432].

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

**2. SAME.**

Judgments or orders of a District Court in bankruptcy proceedings proper, relating to the administration of the estate, if appealable under the terms of Bankr. Act, July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], cannot be reviewed on petition to revise in matter of law under section 24b, the two provisions being exclusive of each other.

**3. SAME—ORDER ALLOWING CLAIM.**

A creditor holding a note given by a bankrupt firm, signed as surety by a member of the firm, also bankrupt, having proved the debt against the firm estate, also filed it as an individual debt against the estate of the surety. *Held*, that the only question determined by an order allowing such claim was that it was a provable debt against the individual estate of the partner, and that such order was reviewable only by appeal under Bankr. Act, July 1, 1898, c. 541, § 25a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], the amount allowed being over $500.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Kentucky, in Bankruptcy.

Alfred Selligman, for petitioner.

O. A. Wehle, for respondent.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is a petition filed by A. E. Mueller, trustee in bankruptcy of the partnership styled L. De Witt & Sons, and of the individuals composing same, to review an order of the District Court allowing a certain claim in favor of the German Insurance Bank of Louisville, Ky., against the individual estate of Mary A. De Witt, one of the members of the bankrupt firm. The matter comes on now to be heard upon a motion to dismiss the petition for review upon the ground that the order or judgment sought to be reviewed was a judgment allowing a debt or claim of $500 or over, and therefore not subject to be reviewed under the provisions of section 24b of the bankrupt act, but reviewable only by an appeal under section 25a, Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]. In Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116, it is said:

"The distinction between steps in bankruptcy proceedings proper and controversies arising out of the settlement of the estate of bankrupts is recognized in sections 23, 24 and 25 of the present act, and the provisions as to revision in matter of law and appeals were framed and must be construed in view of that distinction."

There is no reason to suppose that one may elect whether he will bring up the order or judgment which he wishes to have reversed by appeal or by a petition for review. These remedies are exclusive of each other. That which may come here by appeal cannot come here for review; otherwise the distinction which the act recognizes will be ignored. Neither is there any reason for supposing that an order or judgment may be appealed when questions of fact are to

be considered and reviewed upon petition if only a question of law is involved. The distinction between cases appealable and cases reviewable lies deeper, and turns upon the character of case or question. Cases which are appealable are of two classes:

1. There is the broad appellate jurisdiction conferred by section 6 of the Court of Appeals Act of March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549], by appeal or writ of error, from the final decisions of the District Court "in all cases other than those provided for in the preceding section of this act." That the decree or judgment is one arising in a controversy relating to the settlement of the bankrupt's estate does not make it any the less appealable or reviewable by writ of error. Upon the contrary, section 24a provides as follows:

"The Supreme Court of the United States, the Circuit Courts of Appeals of the United States, and the Supreme Courts of the territories, in vacation in chambers and during their respective terms, as now or as they may be hereafter held, are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases." U. S. Comp. St. 1901, p. 3431.

That neither the fifth nor sixth section of the act of 1891 (26 Stat. 827, 828 [U. S. Comp. St. 1901, pp. 549, 550] was changed by the bankrupt act was expressly decided in Bardes v. Hawarden Bank, 175 U. S. 526, 20 Sup. Ct. 196, 44 L. Ed. 262 and Elliott v. Toeppner, 187 U. S. 327, 334, 23 Sup. Ct. 133, 47 L. Ed. 200. By "controversies arising in bankruptcy proceedings" is meant those independent or plenary suits which concern the bankrupt's estate, and arise by intervention or otherwise between the trustee representing the bankrupt's estate and claimants asserting some right or interest adverse to the bankrupt or his general creditors. An illustration of such a controversy is found in Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, wherein title to certain chattels in the hands of the trustee was asserted under an intervening petition. Another is found in Dolle v. Cassell (decided by this court January, 1905) 135 Fed. 52, wherein a vendor under a conditional sale of chattels sought to recover the articles under an unrecorded agreement for the retention of title until payment of the purchase price. Still another is found in the case entitled In re First National Bank of Canton, Ohio (decided by this court at its January session) 135 Fed. 62, in which a creditor of the bankrupt sought to enforce a mortgage lien upon a stock of merchandise belonging to the bankrupt, which stock had come to the possession of the bankrupt's trustee. The distinction between a "controversy arising in bankruptcy" and "proceedings in bankruptcy" is very sharply drawn by Judge Baker, speaking for the Seventh Circuit Court of Appeals, in the case of In re Friend et al., 134 Fed. 778. The learned judge there said:

"That section 23 establishes a clear distinction between 'proceedings in bankruptcy' and 'controversies at law and in equity arising in the course of bankruptcy proceedings'; the former, broadly speaking, covering questions between the alleged bankrupt and his creditors as such, commencing with the petition for adjudication, ending with the discharge, and including matters of administration generally, such as appointments of receivers and trustees, sales,

exemptions, allowances, and the like, to be disposed of summarily, all of which naturally occur in the settlement of the estate; and the latter, broadly speaking, involving questions between the trustee, representing the bankrupt and his creditors, on the one side, and adverse claimants on the other, concerning property in the possession of the trustee or of the claimants, to be litigated in appropriate plenary suits, and not affecting directly the administrative orders and judgments, but only the question of the extent of the estate. That the same distinction is maintained in section 24a on the one hand, and sections 24b and 25a on the other."

2. But this general appellate jurisdiction conferred by 24a does not extend to certain specified proceedings. Thus section 25a provides for "appeals, as in equity cases," if taken within 10 days: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; (3) from a judgment allowing or rejecting a debt or claim of $500 or over. The time within which a writ of error may be taken out or an appeal prayed from a judgment or decree of the District Court in "a controversy arising in bankruptcy," such as is referred to in section 24a, is the time prescribed by the eleventh section of the judiciary act of 1891 (26 Stat. 829 [U. S. Comp. St. 1901, p. 552]), namely, six months. But no appeal can be taken in one of the cases specifically mentioned in this section unless taken within ten days. This short limitation was doubtless imposed because of the peculiar nature of the judgments mentioned, and the evil results of delay upon the rights of other parties whose rights would be effected. But, whatever the reason, there is no way in which a judgment of the kind described by section 25a can be reviewed but by an appeal, and an appeal sued out within ten days. But when the judgment is upon the verdict of a jury, under section 19 of the bankrupt law (30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]) it cannot be revised under an appeal as in an equity case, but only by writ of error. Elliott v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200. The doubt as to what kinds of cases are appealable under the provisions of this section turns upon the meaning to be attached to the words "a debt or claim." That "claim," as used here, means a "debt," is settled by Holden v. Stratton, 191 U. S. 115, 118, 24 Sup. Ct. 45, 48 L. Ed. 116, where it was said by Chief Justice Fuller that, "while the word 'claim' is used in its signification of the demand or assertion of a right in subdivision 11 of section 2, in respect of all claims of bankrupts to their exemptions, it is also used in many parts of the act, and, as we think, in section 25, as referring to debts * * * presented for proof against estates in bankruptcy." But where the appeal is from a judgment allowing or disallowing a debt, any question of lien or priority of the debt, if allowed, may be considered upon the appeal as an incident of the debt. Cunningham v. German Ins. Bank, 103 Fed. 932, 43 C. C. A. 377; Courier-Journal Co. v. Schafer-Brewing Co., 101 Fed. 699, 41 C. C. A. 614; Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179. If, however, the debt or claim is not disputed, and the only question sought to be reviewed is one of the rank or priority of the claim by reason of its character or some lien in its favor against property of the bankrupt, it has been held by the Circuit

Court of Appeals for the Seventh Circuit that, so far as the order or decree depended upon a question of law, it could be reviewed upon a petition for review. In re Rouse Hazard Co., 91 Fed. 96, 33 C. C. A. 356; In re Richards, 96 Fed. 935, 37 C. C. A. 634. This ruling we followed in Courier-Journal Co. v. Meyer Brewing Co., 101 Fed. 699, 41 C. C. A. 614. In Burleigh v. Foreman, 125 Fed. 217, 60 C. C. A. 109, the First Circuit Court of Appeals held that, where a question arose as to whether certain assets belonged to the estate of a bankrupt copartnership or to the individual estate of one of the partners, an issue thus raised between the creditors of the two estates constituted one of those distinct and separable issues "arising in bankruptcy proceedings" appealable under the broad appellate jurisdiction of the Courts of Appeal under the judiciary act of 1891, and reaffirmed under section 24a of the bankrupt act. In Buckingham v. First Nat. Bank of Chicago, 131 Fed. 192, a like question came before us on appeal, and was entertained without objection; the only question in this case last mentioned being the question of whether there were in fact two estates.

3. There remains only the revisory jurisdiction under section 24b, where it is provided that "the several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction." The consensus of opinion and reason seems to be that this revisory jurisdiction does not include any orders or decrees which are appealable, the provisions for appeal and for petition of review being mutually exclusive. Loveland on Bankruptcy (2d Ed.) p. 809; Brandenburg Bankruptcy (2d Ed.) 375; In re Good, 99 Fed. 389, 39 C. C. A. 581; In re Ives, 113 Fed. 911, 51 C. C. A. 541. The distinction between "controversies arising in bankruptcy proceedings" under 24a and the "proceedings" in bankruptcy referred to in 24b, has already been observed. The "proceedings" reviewable are those administrative orders and decrees in the ordinary course of a bankruptcy between the filing of the petition and the final settlement of the estate, which are not made specially appealable under 25a. This would include questions between the bankrupt and his creditors of an administrative character, and exclude such matters as are appealable under 24a. In re Friend, Moss and Morris (Seventh Circuit Court of Appeals, Oct., 1904) 134 Fed. 778; Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179; Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116; Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986.

4. Applying these principles to the case in hand, it is clear that, if the judgment sought to be reviewed is a judgment allowing a claim, the motion to dismiss must be granted. From the petition and its exhibits it appears than an involuntary petition in bankruptcy was filed against the firm of L. De Witt & Sons, composed of Lafayette De Witt, Clarence De Witt, J. H. De Witt, and Mary A. De Witt, and that the firm and the individuals composing it were adjudged bankrupts. Mary A. De Witt is the wife of Lafayette

De Witt. Mary A. De Witt has an individual estate, which estate has passed to and is in the possession of her trustee in bankruptcy, who is also trustee for the bankrupt firm of which she is a member. The estate of the bankrupt firm is insufficient to pay the firm debts. But the petition avers that the estate of Mary A. De Witt is sufficient "to pay all the claims proved against it" if the claim of the German Insurance Bank be excluded. The petition then avers that the said German Insurance Bank was the holder of five promissory notes signed by the firm of L. De Witt & Sons and by Mary A. De Witt and one Wilhelmina Rueve; that the said bank filed and proved their claims against the estate of L. De Witt & Sons and received a small dividend thereon; that afterwards the said bank filed a proof of claim against the individual estate of Mary A. De Witt based upon the same indebtedness. This proof of debt alleged that the said Mary A. De Witt, by her individual signature upon said notes, had become individually liable for the said indebtedness. The said proof of claim is made an exhibit to the petition for review, and in said proof it is, among other things, alleged:

"That the said Mary A. De Witt, the person against whom a petition for adjudication of bankruptcy has been filed, was at and before the filing of said petition, and still is, justly and truly indebted to said corporation in the sum of $5,425; that the consideration of said debt is as follows: (1) A promissory note dated September 23, 1903, executed and delivered by said Mary A. De Witt, bankrupt, to said creditor, by which she, the firm of L. De Witt & Sons, also bankrupts, and one Wilhelmina Rueve, jointly and severally promised and agreed to pay," etc.

Then follows a like allegation in regard to four other notes signed by the firm and by said Mary A. De Witt and Wilhelmina Rueve. It is in the petition also averred that the referee "allowed said claim as a claim against the individual estate of Mary A. De Witt." Certain of the creditors excepted to the allowance of this claim, and moved a reconsideration and a disallowance. This motion was overruled, whereupon a petition was filed by the trustee for a review of the referee's order, and the matter carried before the District Judge sitting in bankruptcy, who affirmed the referee's order upon the ground that the bank "was entitled to make the proof of its debt against the individual assets of Mary A. De Witt." From the foregoing it appears that there are two distinct estates—the estate of the copartnership and the individual estate of Mary A. De Witt, a member of the copartnership. It is obvious that, unless the German Insurance Bank has a debt or claim which it can prove against the individual estate of Mrs. De Witt, it cannot, although a creditor of the copartnership, and therefore a creditor of Mrs. De Witt, receive any dividend from her estate until the individual debts are paid. The present bankrupt law expressly provides that the net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts, and that only the surplus of each estate shall be added to the other. The right of the bank to participate in the distribution of Mrs. De Witt's individual estate depended, therefore, upon the

question as to whether it had a claim provable against that estate. This was the real and only controversy before the referee and before the District Judge upon the review. The order sought to be reviewed is therefore neither more nor less than an order allowing the debt as a claim against Mrs. De Witt's individual estate. If that order stands, that claim will necessarily participate in the distribution of her estate.

For the purpose of taking this case without the category of cases appealable under section 25a, as an appeal from a judgment allowing or disallowing a debt or claim, it has been urged that the real question is one of marshaling—a question as to whether the debt or claim of the bank shall receive dividends from both estates, while other creditors of the partnership will be confined to the partnership fund, and the surplus of Mrs. De Witt's individual estate after her individual debts are paid. But this begs the question. That there is an individual estate and a partnership estate is not disputed. If the bank is a creditor of both estates, it can prove against both. Buckingham v. First National Bank of Chicago, decided by this court, and reported in 131 Fed. 192. The real contention was as to whether Mrs. De Witt was competent, as a married woman, to become a surety for the firm of which she was a member, under section 2127, Ky. St. 1903, and whether her individual signature was a suretyship within the terms of that statute, or a mere contract giving the bank the right to go upon her individual estate for a debt which, in any event, was her own debt, and not the debt of another. But the single question lying at the root of the whole question of whether the bank should share in both estates depended upon whether it had a provable debt against both estates or funds. There is no question of distribution or double dividends, except as it results from the allowance of the claim of the bank as a claim against the individual estate of Mary A. De Witt. Whether that allowance was right or wrong is the only question. That question should have been brought here by appeal under section 25a, taken within 10 days from the order of the District Judge confirming the allowance of the claim. Petitioner waited until the time for such an appeal had long passed, and then filed his petition for review.

The motion to dismiss must be allowed.