In re McMAHON.

(Circuit Court of Appeals, Sixth Circuit.   October 12, 1906.)

No. 1,530.

1. BANKRUPTCY—JURISDICTION TO DETERMINE LIENS—PROPERTY IN POSSESSION OF TRUSTEE.

A court of bankruptcy which, by its trustee, has possession of real estate of a bankrupt, has jurisdiction to determine all questions in respect to title or to liens thereon, and may entertain and determine a suit or petition by the trustee against a mortgagee of the property to set aside the mortgage as one given within four months prior to the bankruptcy and void under Bankr. Act July 1, 1898, § 67e, 30 Stat. 564, c. 541 [U. S. Comp. St. 1901, p. 3449].

[Ed. Note.—Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

2. SAME—MODE OF REVIEW—PROCEEDINGS IN BANKRUPTCY.

Proceedings by a court of bankruptcy upon a petition filed by a trustee for an order to sell real estate, and also to bring in third persons asserting liens thereon for the purpose of determining their rights as incidental to such sale, are "proceedings in bankruptcy" as distinguished from "controversies arising in bankruptcy proceedings," and are reviewable by the Circuit Court of Appeals on petition for revision under Bankr. Act July 1, 1898, § 24b, 30 Stat. 552, c. 541 [U. S. Comp. St. 1901, p. 3431].

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Southern District of Ohio.

F. L. Rosemond, for appellant.

R. T. Scott, for respondent.

Before LURTON and SEVERENS, Circuit Judges, and COCHRAN, District Judge.

LURTON, Circuit Judge.   The matter arose thus: Benjamin F. Enos, trustee in bankruptcy of the estate of Charles L. Campbell, filed a petition in the bankrupt court, in which he stated: That he was in possession of a certain tract of land as trustee for the bankrupt. That within four months prior to the bankruptcy of the said Campbell he, the bankrupt, had made a trust deed conveying the said land to Charles S. McMahon as trustee for certain purposes therein named.   Upon the ground that the trust conveyance was made within four months prior to the filing of the petition in bankruptcy the trustee denied the validity of the lien otherwise created thereunder, and sought an order to sell the property free from any lien or charge in behalf of those secured thereby.   This petition also averred that many of the creditors therein secured had other security for their debts; Campbell being only a surety.   The prayer of the bill or petition was that the trust deed be set aside, or, if held good, that "the trustee be required to first exhaust the property of the principal debtors before going upon that of the bankrupt surety."   That Charles S. McMahon, "as trustee, be given due notice of the pendency and prayer of this petition and be required to set up any claim which he may have in said premises, within a short day fixed by the court," and that

the petitioner be ordered and directed to sell the premises free from any lien or incumbrance, "and for such other or further relief as is proper." A subpœna was issued by order of the court and said McMahon was commanded to appear on or before August 1, 1905, to answer said petition. This was duly served July 22, 1905. McMahon appeared specially to object to the jurisdiction of the court, and this he did by motion to quash the subpœna, and then by demurrer, by answer, and by every other known and unknown method of protesting against jurisdiction. The court ruled that, having possession of the property, it had jurisdiction to determine the validity of all claims to it or liens against it, and that if such adverse claimants did not choose to come in voluntarily and set up their claims they might be brought in by a proceeding such as that started by the bankrupt's trustee. At this stage of the proceedings, and before any decree upon the merits, McMahon filed his petition under the supervisory powers of this court and prayed for a review of the orders and decrees of the bankrupt court sustaining its jurisdiction.

The controlling fact in the matter of the jurisdiction of the bankrupt court is that the actual possession of the premises upon which McMahon asserts an adverse lien was in Enos, the trustee in bankruptcy of Campbell, the bankrupt mortgagor. Section 2 of the Bankrupt Act of July 1, 1898, 30 Stat. 545, c. 541 [U. S. Comp. St. 1901, p. 3420], in express terms, by clause 7, confers jurisdiction upon the District Courts, as courts of bankruptcy, "to cause the estate of the bankrupt to be collected, reduced to money and distributed, and determine the controversies in relation thereto, except as herein otherwise provided." This exception refers to section 23 (30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]), conferring jurisdiction on the Circuit and District Courts of suits brought by bankrupt trustees in respect to "controversies at law and in equity, as distinguished from proceedings in bankruptcy, between trustees, as such, and adverse claimants concerning the property acquired or claimed by the trustees" and limiting the jurisdiction to such suits as might have been brought or prosecuted by the bankrupt if bankruptcy had not ensued, "unless by the consent of the proposed defendant." By the amendment of February 5, 1903, this jurisdiction is extended to suits for the recovery of property under section 60, subd. b, and section 67, subd. e (30 Stat. 562, 564 [U. S. Comp. St. 1901, pp. 3445, 3449] as amended Feb. 5, 1903, c. 487, §§ 13, 16, 32 Stat. 799, 800 [U. S. Comp. St. Supp. 1905, pp. 688, 690].

But we are now dealing with the jurisdiction of the District Court which had possession through its trustee of the property of the bankrupt against which the protesting petitioner asserts a mortgage lien. If the District Court having possession of the res did not have jurisdiction to hear and determine claims to or against the res, unless the claimant should consent, what court did? Could the petitioner go into the state court and there assert his lien and then obtain a decree for its enforcement and thus deprive the court of primary jurisdiction of the control and custody of the controverted property? The possession of the res draws to the court jurisdiction of all questions in respect to title or liens, irrespective of citizenship. Krippendorf v. Hyde, 110 U. S.

276, 4 Sup. Ct. 27, 28 L. Ed. 145; Toledo & Rd. Co. v. Continental Trust Co., 95 Fed. 497, 36 C. C. A. 155.

Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, is not an authority against the jurisdiction exercised in the case at bar. In that case the bankrupt court did not have possession of the goods in question. They were in the custody and control of an adverse claimant. What is said in Bardes v. Hawarden Bank about the absence of intention of Congress to give under section 2, cls. 6 and 7, jurisdiction to the District Court to entertain independent actions and suits to determine the title to property or liens thereon, refers to property not held by the bankrupt or some one for him at the date of adjudication. And so it was announced by Justice Day, in speaking for the court in Whitney v. Wenman, 198 U. S. 539–555, 25 Sup. Ct. 778, 49 L. Ed. 1157, where it is said:

"This case, Bardes v. Bank, did not determine the right of the District Court to entertain jurisdiction of a proceeding having in view the adjudication of rights or liens upon property which came into the possession of the bankrupt court as that of the bankrupt, the right to proceed concerning which would seem to be broadly conferred in the section of the bankrupt act above quoted."

This reference is to section 2, subd. 7.

The question was squarely presented in Whitney v. Wenman, cited above. The trustee in bankruptcy had filed what is styled in the statement of the case "a bill in equity" in the District Court, against third persons claiming liens upon certain packages of silks and other drygoods. The trustee's petition averred that the bankrupt had never lost possession, and that his title and possession had passed to the trustee in bankruptcy. It was then averred that there had been some effort to warehouse the goods and that a transfer of the warehouse receipts as a security for money borrowed had been made to certain of the defendants. But it was averred that the whole transaction was colorable; that in fact the bankrupt had remained in possession and was in possession when the adjudication had occurred; that a receiver, appointed to hold the bankrupt estate until a trustee could be selected, had, without authority of law or of the court, wrongfully surrendered possession of the goods in controversy; and that they had been sold by the warehouse company before the appointment of the petitioner as trustee. The defendants to the "bill" were the warehouse company and the persons who held the warehouse receipts by assignment of the bankrupt. The defendants demurred to the jurisdiction. The demurrer was sustained and the bill dismissed for want of jurisdiction. The appeal was direct to the Supreme Court as a case turning upon the jurisdiction of the District Court. The decree was reversed.

After reviewing Bardes v. Bank, cited above, White v. Schloerb, 148 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183, Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, and Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, Justice Day, for the court, said:

"We think the result of these cases is, in view of the broad powers conferred in section 2 of the bankrupt act, authorizing the bankrupt court to cause the estate of the bankrupt to be collected, reduced to money, and distributed, and

to determine controversies in relation thereto, and bring in and substitute additional parties when necessary for the complete determination of a matter in controversy, that when the property had become subject to the jurisdiction of the bankruptcy court as that of the bankrupt, whether held by him or for him, jurisdiction exists to determine the controversies in relation to the disposition of the same and the extent and character of liens thereon or rights therein. This conclusion accords with a number of well-considered cases in the federal courts. In re Whitener, 105 Fed. 180, 44 C. C. A. 434; In re Antiago Screen Door Co., 123 Fed. 249, 59 C. C. A. 248; In re Kellogg, 121 Fed. 333, 57 C. C. A. 547. In the case of the First National Bank v. Chicago Title & Trust Company (decided May 8th of this term) 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, in holding that the jurisdiction of the District Court did not obtain, it was pointed out that the court had found that it was not in possession of the property. Nor can we perceive that it makes any difference that the jurisdiction is not sought to be asserted in a summary proceedings, but resort is had to an action in the nature of a plenary suit, wherein the parties can be fully heard after the due course of equitable procedure."

Referring to First National Bank v. The Chicago Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, the learned justice observed that in that case "it was pointed out that the District Court had found that it was not in possession of the property."

The proceeding to which the petitioner McMahon was made a party was not a summary one in the strict sense of that term. It did not differ in any essential from that sustained in Whitney v. Wenman. Nominally an application for an order to sell property of the bankrupt in possession of the assignee, it was in its essence a petition to bring in persons asserting liens for the purpose of determining the rights of such persons, and to sell the property free from all liens. The defendants were made such by subpœna and required to appear and answer or defend. It was in substance a plenary suit. In Whitney v. Wenman the court said of the jurisdiction to determine claims to or upon the property of the bankrupt in possession of the trustee under section 2, cl. 7, that it did not perceive "that it makes any difference that the jurisdiction is not sought to be asserted in a summary proceeding, but resort is had to an action in the nature of a plenary suit, wherein the parties can be fully heard after the due course of equitable procedure."

We entertain no doubt of the jurisdiction of the District Court. Whether the necessary parties for the marshaling sought were all before the court we need not determine now. The creditors affected can be brought in by amendment if found necessary. In respect to the judgment of the District Court overruling the objections made to the court's jurisdiction, we have reached the conclusion that the action of that court was subject to review under the supervisory powers conferred upon this court by section 24b of the bankrupt act of 1898. The decision of the Supreme Court in First National Bank of Chicago v. Chicago Title & Trust Co., 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, seems to be an express authority to this effect.

In the case cited the question as to whether the judgment and decree of the District Court was reviewable under the supervisory powers of section 24b or by appeal under section 24a arose upon a petition filed by the bankrupt's receiver in the bankrupt court asking the direction of the court in respect to the sale of certain seeds which he claimed to have in his possession as the property of the bankrupt. No de-

fendants were made to the petition. But certain strangers appeared specially for the purpose of denying the jurisdiction of the bankrupt court over the seed in question, and averred that when the proceedings in bankruptcy were begun the seed were in the custody and possession of one of the protestants as a warehouse company and that warehouse receipts had been issued transferable by delivery, and that the receipts had been assigned by the bankrupt before bankruptcy to the other persons who had appeared to deny the jurisdiction. Upon the issue there made up as to the possession, the bankrupt court held that the receiver had never had possession, but, nevertheless, retained jurisdiction to sell the property to pay the holders of such warehouse certificates and realize the surplus for the bankrupt estate. As we have before stated, this case was taken by appeal to the Circuit Court of Appeals and there reversed upon the facts. The decree of the Circuit Court of Appeals was then taken to the Supreme Court by certiorari. That court passed upon the jurisdiction of the District Court preliminary to the consideration of the jurisdiction of the Circuit Court of Appeals. If no appeal would lie from the decree of the District Court because the matter was only subject to review under the supervisory powers of the Circuit Court of Appeals, that court had exceeded its jurisdiction in going into the facts, and the proper decree would be one reversing the decree of the Court of Appeals with direction to that court to dismiss the appeal. See 198 U. S. 288–292, 25 Sup. Ct. 693, 49 L. Ed. 1054. Upon the inquiry the court decided that "the proceeding in the District Court was a proceeding in bankruptcy and not an independent suit" and that "no appeal lay to the Circuit Court of Appeals," and that the jurisdiction of that court in such cases was confined to revision in matters of law under clause b, sec. 24. The decree of the Supreme Court was therfore that the decree of the Court of Appeals should "be reversed, with directions to dismiss the appeal and remand the cause to the District Court for further proceedings in conformity with this opinion."

In Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, the Berlin Machine Works had claimed title to property in the possession of the bankrupt's trustee by an independent intervening petition. From a decree in favor of the intervener the trustee appealed under section 6 of the bankrupt act to the Circuit Court of Appeals. That court assumed jurisdiction and affirmed the decree of the bankrupt court. This last decree was then taken by appeal to the Supreme Court. Upon the question of whether the decree was appealable or subject only to review by the Circuit Court of Appeals under its supervisory powers conferred by section 24b, the Chief Justice, speaking for the Supreme Court, said:

"If the trustee had carried the case to the Circuit Court of Appeals on petition for supervision and revision under section 24b of the bankruptcy law, the case would have fallen within Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116, and the appeal to this court would have failed. But he took it there by appeal, though accompanied by some apparent effort to avail himself also of the other method. And, as the Berlin Machine Works asserted title to the property in the possession of the trustee by an intervention raising a distinct and separable issue, the controversy may be treated as one of those controversies arising in bankruptcy proceeding over which the Circuit Court of Appeals could, under section 24a, exercise appellate

jurisdiction as in other cases. Section 25a relates to appeals from judgments in certain enumerated steps in bankruptcy proceedings in respect of which special provision therefor was required (Holden v. Stratton, supra), while section 24a relates to controversies arising in bankruptcy proceedings in the exercise by the bankruptcy courts of the jurisdiction, vested in them at law and in equity by section 2, to settle the estate of bankrupts and to determine controversies in relation thereto. Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179; Burleigh v. Foreman, 125 Fed. 217, 60 C. C. A. 109."

We have repeatedly followed this case. See In re First National Bank of Canton, 135 Fed. 62, 67 C. C. A. 536; Dolle v. Cassell, 135 Fed. 52–55, 67 C. C. A. 526.

In the earlier administration of the bankrupt law little attention was given to the distinction between the cases appealable under section 24a and those reviewable in matters of law under section 24b, but in Dolle v. Cassell, In re First National Bank of Canton, both cited above, and in the later cases of In re Mueller, 135 Fed. 711, 68 C. C. A. 319, Dickas v. Barnes (C. C. A.) 140 Fed. 849, and Davidson v. Friedman (C. C. A.) 140 Fed. 853, the distinction between the two remedies is clearly pointed out and each held to be exclusive of the other. To these cases we adhere as in agreement with the act as interpreted by the Supreme Court in Elliott v. Toeppner, 187 U. S. 327–333, 334, 23 Sup. Ct. 133, 47 L. Ed. 200, Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116, Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986, and First National Bank v. Chicago Title & Trust Company, 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051.

The distinction between cases which are "proceedings in bankruptcy" under section 24b and those which are "controversies arising in bankruptcy proceedings" and appealable under the general appellate jurisdiction of the court as confirmed by section 24a is not always clear nor easily stated. Between Hewit v. Berlin Machine Works and First National Bank of Chicago v. Chicago Title & Trust Co. there is this distinction: In the first case the stranger voluntarily came in and set up a claim against property in possession of the bankrupt's trustee. Very clearly that made one of those independent controversies which may arise in a bankruptcy proceeding or in any other where the res is in custodia legis and was appealable under section 24a. In the later case the same kind of issue arose, but it arose upon the application of the trustee for an order of sale and as incident to that the determination of a claim against the property held by one not a party to the proceeding. The latter is plainly held to be a "proceeding in bankruptcy" not appealable, but reviewable in matters of law only upon an appeal to the supervisory powers of the Court of Appeals under section 24b. The distinction we recognize and apply in this case by holding that the proper and only mode of correcting error in the case was through the supervisory powers of this court, and that the petitioner resorted to the right remedy though he had no wrong to redress.

The decree appealed from is affirmed. The court below will proceed with the cause in accordance with this opinion and as it may be advised.

Costs of this petition will be paid by the petitioner.