BRADY et al. v. BERNARD & KITTINGER et al.

(Circuit Court of Appeals, Sixth Circuit. February 13, 1909. Rehearing Denied May 15, 1909.)

No. 1,855.

1. BANKRUPTCY (§ 461*)—APPEALS—TIME FOR TAKING.
    An appeal from a judgment making an adjudication of bankruptcy must be taken within the 10 days allowed by Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), and the time cannot be extended or revived by any subsequent proceeding in the case.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 920; Dec. Dig. § 461.*]

2. BANKRUPTCY (§ 440*) — MODE OF REVIEW — ORDER REFUSING TO VACATE ADJUDICATION.
    An order of a court of bankruptcy refusing to vacate an adjudication is not one of the orders from which an appeal is provided for by Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), nor is it one relating to a controversy arising in bankruptcy proceedings appealable under section 24a, but is an administrative order reviewable only on petition to revise under section 24b.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*]

3. BANKRUPTCY (§ 440*)—MODE OF REVIEW—MISTAKE IN PROCEDURE.
    The provisions for appeal made by Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), and those for revision under section 24b, are mutually exclusive, and, where an appeal has been erroneously taken, it cannot be treated and sustained as a petition for review.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 440.*]

4. APPEAL AND ERROR (§ 840*)—REVIEW—QUESTION OF JURISDICTION.
    A Circuit Court of Appeals cannot remand a cause with directions to dismiss for want of jurisdiction, where the alleged want of jurisdiction in the court below is predicated upon an issue of fact adjudicated in the court below in favor of jurisdiction, and where the order or judgment making such adjudication is not properly brought up for review.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3302; Dec. Dig. § 840.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Western District of Kentucky.

Norman Farrell, Jr., and S. A. Anderson, for appellants.
J. R. Duffin and G. B. Likens, for appellees.

Before SEVERENS, Circuit Judge, and KNAPPEN and SANFORD, District Judges.

SANFORD, District Judge. This is an appeal from the District Court for the Western district of Kentucky, sitting in bankruptcy. The appellees have moved the court to dismiss the appeal upon the ground that it was not taken in time.

The proceedings below, so far as now material, were as follows:

On December 25, 1907, Bernard & Kittinger and the other appellees filed in said District Court an involuntary petition in bankruptcy against the appellant, Philip Brady. On January 9, 1908, Brady filed a plea to the jurisdiction of the court, averring that he had never had his domicile, residence, or place of business within said district; and on January 13, 1908, by leave of the court, filed an answer, averring that he was a farmer chiefly, and therefore not subject to the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), and denying that he was insolvent or had committed any act of bankruptcy; to which answer replication was filed.

No further proceedings were had until April 17, 1908, when the attorney who represented the petitioning creditors in the court below presented to the court and filed in the cause a written instrument, dated March 5, 1908, signed by Brady, withdrawing from the record his plea to the jurisdiction and answer, admitting the allegations of the petition, and consenting that he might be adjudged a bankrupt; and on the same day, in pursuance of this instrument and at the instance of said attorney, an order was entered by the court reciting that, upon the motion of said Brady, his plea and answer were withdrawn, and that, the petition for adjudication having been thereupon heard and considered, the said Brady was declared and adjudicated a bankrupt, and the cause referred to the referee in bankruptcy.

On April 12, 1908, 11 days thereafter, the said Brady and the other appellants, claiming to be his creditors also, came and moved the court to set aside the order adjudging Brady a bankrupt, and tendered to the court their sworn petitions praying the same relief, alleging in substance that the aforesaid instrument signed by Brady, upon which the adjudication was based, had been signed and left with the said attorney for the petitioning creditors on condition that it was only to be used in the event Brady failed to comply with certain conditions of a proposed settlement; that Brady had fully complied with these conditions, but that the said attorney had refused to dismiss the case in accordance with the agreement; that Brady had thereupon notified said attorney that his consent to the adjudication in bankruptcy was withdrawn, and that he would resist any effort to have him adjudged a bankrupt upon the authority of the aforesaid instrument; and that thereafter, without notice to Brady, said attorney had wrongfully and

without right presented said instrument to the court, and caused the aforesaid motion and order of adjudication to be entered.

At a subsequent hearing upon this motion, counter affidavits were filed by the original petitioning creditors, alleging in substance that the aforesaid written instrument had been deposited by Brady with their said attorney with the agreement that if Brady did not comply with the terms of the proposed settlement it was to be filed as the basis of an adjudication in bankruptcy; that Brady had failed to comply with these terms; and that their said attorney, after notifying Brady's attorney that he would promptly file said instrument, had filed the same in good faith, concealing nothing, and in accordance with the agreement.

The motion to set aside the adjudication having been taken under advisement, the court thereafter, of its own motion, entered an order allowing the parties to take proof on the question whether Brady's residence, domicile, or principal place of business had been within the district for the greater portion of the six months immediately preceding the filing of the petition in bankruptcy; and, proof having been taken on this question alone, the court, on June 9, 1908, entered an order reciting that, pursuant to a written opinion that day filed, the motion to set aside the adjudication of bankruptcy was overruled. In the written opinion thus referred to, no reference was made to the manner in which the order of adjudication had been obtained, or to the question whether the said attorney for the petitioning creditors had been authorized to use Brady's written consent as a basis for the adjudication, but the jurisdictional question raised by Brady's plea was alone considered, and, the court reaching the conclusion that it was fairly certain from the testimony that Brady's principal place of business had been within the district for the greater part of the six months preceding the filing of the petition, it was recited that the motion to set aside the order of adjudication "is therefore overruled."

On June 18, 1908, within 10 days thereafter, Brady and the creditors who had moved the court to set aside the adjudication were granted an appeal from "the judgments made and entered in the foregoing causes on April 17, 1908, and on June 9, 1908."

The appellees, after filing a brief on the merits, before the hearing in this court moved to dismiss the appeal on the ground that, not having been taken within 10 days from the judgment of April 17, 1908, adjudicating Brady a bankrupt, it was not in time.

1. In so far as the appeal was taken from the judgment of adjudication entered April 17, 1908, the motion to dismiss must be granted. Section 25a of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), provides that an appeal taken from a court of bankruptcy to the Circuit Court of Appeals from a judgment adjudging a defendant a bankrupt "shall be taken within ten days after the judgment appealed from has been rendered." As no appeal was prayed or granted from the judgment of adjudication within 10 days after its rendition, the time for appealing therefrom expired at the end of the said 10 days, and could not be extended or revived by any subsequent proceeding in the case. Credit Company v. Arkansas Railway Company, 128 U. S. 258, 261, 9 Sup. Ct. 107, 32

L. Ed. 448; Conboy v. First Nat. Bank, 203 U. S. 141, 145, 27 Sup. Ct. 50, 51 L. Ed. 128; In re Alden Electric Company, 123 Fed. 415, 59 C. C. A. 509. As neither the motion nor the petitions to set aside said judgment were made or presented to the court until after the expiration of said 10 days, the case cannot, for that reason, if for no other, be brought, even by analogy, within the rule laid down by this court in the case of Mills v. Fisher & Co., 159 Fed. 897, 87 C. C. A. 77, 16 L. R. A. (N. S.) 656, that where a petition to rehear is filed within 10 days after the judgment the time for taking an appeal is thereby extended.

2. The same reasoning, however, does not apply to the appeal from the order or judgment refusing to set aside the adjudication of bankruptcy. The provisions of section 25a of the bankrupt act, allowing appeals to be taken to the Circuit Court of Appeals from judgments adjudging or refusing to adjudge a defendant a bankrupt, granting or denying a discharge, and allowing or rejecting a debt or claim of $500 or over, within 10 days after the entry of the judgment appealed from, relate only to the cases specifically mentioned in this section. The order or judgment overruling the motion to set aside the adjudication of bankruptcy is not one of the judgments specified in such section: hence, if an appeal would lie at all to this court from such order, it would not be controlled by the limitation of time contained in said section of the bankrupt act, but could be taken within the same period as other appeals from the District Courts; that is to say, within six months after the entry of the order sought to be reviewed, as provided in section 11 of the Court of Appeals act of March 3, 1891, c. 517, 26 Stat. 829 (U. S. Comp. St. 1901, p. 552). Steele v. Buel, 104 Fed. 968, 44 C. C. A. 287; Booneville Nat. Bank v. Blakey, 107 Fed. 891, 47 C. C. A. 43; In re Mueller, 135 Fed. 711, 68 C. C. A. 349; General Orders in Bankruptcy, 36 (89 Fed. xiv, 32 C. C. A. xiv).

Furthermore, even if the provisions of section 25a of the bankrupt act were otherwise applicable to the appeal taken from this order or judgment, it is obvious that the time for such appeal would not begin to run from the date of the original judgment of adjudication, but only from the date of the order appealed from, and, having been taken within 10 days from such date, the appeal would be within the proper time.

3. While, however, in so far as the appeal was taken from the order or judgment of June 9, 1908, the motion to dismiss cannot be sustained upon the ground upon which it was based, namely, that the appeal was not taken in time, the court is constrained of its own motion to dismiss such an appeal, for the reason that the order or judgment overruling the motion to set aside the judgment of adjudication is not one from which an appeal will lie to this court. As already stated, it is not one of the specified judgments which are reviewable by appeal under section 25a of the bankrupt act. Neither will an appeal lie under section 24a of the act, investing the Circuit Courts of Appeals with "appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy of which they have appellate jurisdiction in other cases." The "controversies arising in bankruptcy proceedings" referred to in this section, as has been heretofore held by

this court, are "those independent or plenary suits which concern the bankrupt's estate, and arise by intervention or otherwise between the trustee representing the bankrupt's estate and claimants asserting some right or interest adverse to the bankrupt or his general creditors," and do not include "administrative orders and decrees in the ordinary course of a bankruptcy between the filing of the petition and the final settlement of the estate," which, under section 24b of the bankrupt act, are subject to revision by this court in matter of law upon petition for review. In re Mueller, 135 Fed. 712, 68 C. C. A. 349; Dickas v. Barnes, 140 Fed. 849, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654; Davidson v. Friedman, 140 Fed. 853, 72 C. C. A. 553; In re McMahon, 147 Fed. 684, 77 C. C. A. 668; O'Dell v. Boyden, 150 Fed. 731, 80 C. C. A. 397.

While the line of demarcation between the classes of cases respectively appealable and reviewable is not always distinctly marked, it is clear that the proceedings under the motion to set aside the judgment adjudicating Brady a bankrupt related to an administrative matter which arose in the ordinary course of the administration of the bankrupt estate, under the power of the court to set aside a judgment improperly obtained as an incident to the principal cause and without recourse to an original proceeding for that purpose (Doss v. Tyack, 14 How. 297, 14 L. Ed. 428), and that the order or judgment overruling the motion to set aside the adjudication would have been reviewable by this court in matter of law upon a petition for review seasonably filed in this court. It was expressly held by this court in the case of In re Ives, 113 Fed. 911, 51 C. C. A. 541, that an order sustaining a demurrer to a petition filed for the purpose of vacating an adjudication in bankruptcy is not a judgment from which an appeal will lie, under section 25 of the bankruptcy act, but is reviewable by petition in matters of law. And in the case of Plymouth Cordage Company v. Smith, 194 U. S. 311, 24 Sup. Ct. 725, 48 L. Ed. 992, in which it was held that the Circuit Court of Appeals had jurisdiction to revise in matter of law the proceedings of a District Court in Oklahoma, in bankruptcy, it appears that one of the particulars in which it was sought to review such proceedings was the refusal of the District Court to permit certain creditors of the bankrupt to file a motion to set aside an order dismissing a petition in involuntary bankruptcy. Clearly, the revisory power in reference to setting aside an order dismissing a petition in bankruptcy would be the same as that in reference to an order refusing to set aside an adjudication of bankruptcy.

It is also the settled rule of this court, in accordance with the great weight of authority in the federal courts, and in harmony with the case of First National Bank v. Title & Trust Company, 198 U. S. 280, 25 Sup. Ct. 693, 49 L. Ed. 1051, and earlier decisions of the Supreme Court, that the provisions for appeal under section 24a of the bankrupt act and those for review under section 25b are "mutually exclusive," and that where an appeal has been erroneously taken it cannot be treated and sustained as a petition for review. In re Mueller, 135 Fed. 712, 68 C. C. A. 349; Dickas v. Barnes, 140 Fed. 849, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654; Davidson v. Friedman, 140

Fed. 853, 72 C. C. A. 553; In re McMahon, 147 Fed. 684, 77 C. C. A. 668; O'Dell v. Boyden, 150 Fed. 731, 80 C. C. A. 397.

4. It is urged, however, in behalf of the appellants, that it is shown by the weight of the proof that the appellant Brady did not have his principal place of business within the Western district of Kentucky, as found by the District Court; that hence there was no jurisdiction of the cause in the court below; and that, instead of dismissing the appeal, the cause should be remanded to the District Court with instructions to dismiss the entire proceedings. It is, however, sufficient to say in answer to this contention that the rule which appellants seek to invoke, that an Appellate Court will remand a cause with instructions to dismiss whenever it appears from the record that there was no jurisdiction in the court below, has no application except where such want of jurisdiction affirmatively appears upon the face of the record, in a case otherwise properly before the Appellate Court, as in that of Mattingly v. Northwestern R. R. Company, 158 U. S. 53, 15 Sup. Ct. 725, 39 L. Ed. 894, and that the Appellate Court has no jurisdiction to so remand where the alleged want of jurisdiction in the court below is predicated upon an issue of fact adjudicated in the court below in favor of the jurisdiction, and where the order or judgment in which such adjudication was involved is not properly brought before the Appellate Court for review.

5. It results that the appeal in this case must be dismissed. No opinion, however, is expressed as to whether, in view of the lapse of time, a petition for review can now be "seasonably filed" within the rule stated by this court in the case of O'Dell v. Boyden, hereinabove cited.

An order will be entered dismissing the appeal in accordance with this opinion, with costs to the appellees.