BARNES et al. v. PAMPEL et al.

(Circuit Court of Appeals, Sixth Circuit. January 3, 1912.)

No. 2,142.

1. BANKRUPTCY (§ 440*)—REVIEW—"PROCEEDINGS IN BANKRUPTCY"—"CONTROVERSIES ARISING IN BANKRUPTCY PROCEEDINGS."

The distinction between "proceedings in bankruptcy," reviewable by petition for review, as authorized by Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), and "controversies

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

arising in bankruptcy proceedings" reviewable by appeal, as authorized by section 24a, is that the former refers to and includes administrative orders and decrees in the ordinary course of the administration of a bankrupt's estate between the filing of the petition and the final settlement thereof, while the latter refers to and includes those independent or plenary suits which concern the bankrupt's estate and arise by intervention or otherwise between the trustees representing the estate and claimants representing some right or interest adverse to the bankrupt or his general creditors; the remedies afforded by the two subsections being mutually exclusive.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 440.*]

2. BANKRUPTCY (§ 440*)—MODE OF REVIEW—APPEAL—"PROCEEDING IN BANKRUPTCY"—"CONTROVERSY ARISING IN BANKRUPTCY PROCEEDINGS."

Where a bankrupt's trustee instituted proceedings to set aside certain conveyances of real estate alleged to have been made to defraud the bankrupt's creditors, and also to vacate the lien of a mortgage thereon as against the mortgagee, who was no party to the bankruptcy proceedings and was not a creditor of the estate, but a stranger thereto, asserting rights paramount to and independent of those of the estate, the controversy, so far as it related to such lien, was not a "proceeding in bankruptcy," reviewable by petition for review, as authorized by Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), but was instead a "controversy arising in bankruptcy proceedings," reviewable only as provided by section 24a.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 440.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Review an Order of the District Court of the United States for the Southern District of Ohio.

Action by J. D. Barnes, as trustee in bankruptcy of the German-American Bank, and another, against John P. Pampel and others. From a judgment denying an application to dissolve a lien in favor of one Kimpton on property alleged to have been fraudulently conveyed by the bankrupt, petitioners filed a petition for review. On motion to dismiss. Granted.

John N. Van Deman (Wicoff, Emmons & Needles and Van Deman, Burkhart & Smith, on the brief), for petitioners.

McMahon & McMahon, for defendant Kimpton.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. John P. Pampel on September 4, 1904, and previous to his bankruptcy, conveyed certain real estate to Edna Pampel. The latter, on September 13, 1904, conveyed the property to George W. Pampel, who, on November 1, 1904, mortgaged the same to Kimpton. Proceedings in bankruptcy were begun against John P. Pampel September 19, 1904. March 18, 1905, the trustee in bankruptcy began suit in the District Court, by petition, alleging (in substance sufficient for this opinion) that the respective conveyances to Edna and George W. Pampel were made for the purpose of hindering, delaying, and defrauding the bankrupt's creditors; also (by amendment to petition) that the conveyances constituted an attempt to give George W. Pampel an unlawful preference; that the mortgage to Kimpton "was given

and received during the pendency of the proceedings in which said John P. Pampel was adjudged bankrupt, and whether or not it is a valid claim [petitioner] denies that it is a lien upon the property in question." The petition prayed that the deeds to Edna and George W. Pampel be set aside; that the mortgage given to Kimpton, as well as the mortgage given by John P. Pampel to the Dayton Savings & Trust Company, be decreed released and satisfied; and "that the plaintiff have an order for possession of said real estate, and for all proper relief." Answers were filed by the several defendants, which were replied to, and proofs taken under the issues joined. A decree was made setting aside the conveyances to Edna and George W. Pampel; the rights of Kimpton being reserved for further consideration. Later decree was entered in the same proceeding sustaining Kimpton's liens on account of both mortgages (he having purchased the mortgage given by Pampel to the Trust Company), as well as for taxes paid; the court finding as a fact that Kimpton, as respects the mortgage given him by Pampel, was an innocent purchaser for value in good faith without notice.

This proceeding is brought under section 24b of the bankruptcy act, to revise this latter decree so far as it sustains the mortgage given by Pampel directly to Kimpton. Motion is made to dismiss the proceedings upon the grounds, first, that this court has no jurisdiction, because the review sought cannot be had under section 24b of the act; and, second, because the case was decided on questions of fact, which cannot be reviewed in this proceeding. Were we to entertain jurisdiction under section 24b, it is clear we could not review the determination of the lower court upon the questions of fact involved in the decree sought to be reviewed. Mueller v. Nugent, 184 U. S. 1, 9, 22 Sup. Ct. 269, 46 L. Ed. 405; First National Bank v. Title & Trust Co., 198 U. S. 280, 291, 292, 25 Sup. Ct. 693, 49 L. Ed. 1051; Courier-Journal Job Printing Co. v. Brewing Co. (C. C. A. 6) 101 Fed. 699, 703, 41 C. C. A. 614; In re Taft (C. C. A. 6) 133 Fed. 511, 513, 66 C. C. A. 385; In re Throckmorton (C. C. A. 6) 149 Fed. 145, 146, 79 C. C. A. 15; In re Stewart (C. C. A. 6) 179 Fed. 222, 228, 102 C. C. A. 348. But, in our opinion, the proceedings must be dismissed for lack of jurisdiction.

[1] The distinction between "proceedings in bankruptcy," reviewable under section 24b and the "controversies arising in bankruptcy proceedings," appealable under section 24a, is clearly defined; the former including "administrative orders and decrees in the ordinary course of bankruptcy between the filing of the petition and the final settlement of the estate," and the latter including "those independent or plenary suits which concern the bankrupt's estate and arise by intervention or otherwise between the trustees representing the bankrupt's estate and claimants representing some right or interest adverse to the bankrupt or his general creditors." The remedies afforded by the two subsections referred to are mutually exclusive. Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Coder v. Arts, 213 U. S. 223, 233, 235, 29 Sup. Ct. 436, 53 L. Ed. 772; Tefft, Weller & Co. v. Munsuri, 222 U. S. 114, 32 Sup. Ct. 67, 56 L.

Ed. ——, decided by the Supreme Court December 4, 1911; In re Mueller (C. C. A. 6) 135 Fed. 711, 713, 715, 68 C. C. A. 349; In re Doran (C. C. A. 6) 154 Fed. 467, 83 C. C. A. 265; Brady v. Bernard & Kittinger (C. C. A. 6) 170 Fed. 576, 95 C. C. A. 656.

: [2] It is clear that the original proceeding which resulted in the decree sought to be reviewed was a controversy arising in bankruptcy proceedings, as distinguished from a proceeding in bankruptcy. No claim is made that either of the defendants intervened or in any way appeared in any of the bankruptcy proceedings for the assertion of their claims, except as such appearance was had in defense of, and in response to, the petition referred to, or unless as the bankrupt may have appeared in the bankruptcy proceedings proper. It does not appear that the trustee was in possession of the real estate in question when the proceedings referred to were taken. On the contrary, the briefs of defendant Kimpton assert that George W. Pampel was in possession, and no denial of this assertion is presented. The prayer of the original petition is expressly inconsistent with possession by the trustee. The suit was an independent proceeding. The rights asserted by the defendants were adverse to the general creditors of the bankrupt. It is true that the decree is sought to be reviewed in this proceeding only so far as it sustained the mortgage to Kimpton. It is true, also, that where the only question sought to be reviewed is one of the rank or priority of a claim by reason of its character, or some lien in its favor against property of the bankrupt, and the debt or claim which it attempts to secure is not disputed, an order relating to the lien may be reviewed under section 24b, so far as it depends merely upon a question of law. In re Mueller, supra, 135 Fed. 715, 68 C. C. A. 349; Courier-Journal Job Printing Co. v. Brewing Co., supra. But not only was the criticized decree made in an originally adverse proceeding, brought to wholly set aside the deed which was asserted in denial of all interest on the part of the bankrupt's estate, but the controversy now before us is not over a lien asserted by a creditor of the bankrupt estate. Kimpton was not and is not a creditor of that estate. He has no claim against the same. He is a stranger thereto. His asserted rights are wholly paramount to, and independent of, those of the estate. In our opinion, the review sought relates to a controversy in bankruptcy not reviewable under section 24b.

The proceedings to review must be dismissed, with costs.