## GOLDSTEIN v. JOHNSON.

(Circuit Court of Appeals, Sixth Circuit. January 9, 1925.)

No. 4199.

1. **Bankruptcy ⬩440—Order requiring bankrupt to turn over property or money to trustee properly reviewable on petition to revise.**

Order modifying and affirming order of referee requiring bankrupt to turn over property or money to the trustee is properly reviewable on petition to revise, and not by appeal.

2. **Bankruptcy ⬩446—Petition to revise presents for review only questions of law.**

Petition to revise presents for review only questions of law arising out of facts found by the trial court or admitted by the party, and the court cannot determine weight of evidence.

3. **Bankruptcy ⬩136(2)—Evidence held to sustain order requiring bankrupt to turn over money or property to trustee.**

Order requiring bankrupt to deliver to the trustee a specified sum of money or its equivalent in property *held* supported by evidence, in view of evasive testimony of bankrupt.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Kentucky, in Bankruptcy; Charles H. Moorman, Judge.

In the matter of the bankruptcy of Harry J. Goldstein, bankrupt. Petition to revise and appeal by bankrupt to review an order modifying the order of the referee requiring the bankrupt to turn over property to C. W. Johnson, trustee. Affirmed and remanded.

John B. Baskin, of Louisville, Ky. (Joseph Solinger and John B. Baskin, both of Louisville, Ky., on the brief), for petitioner and appellant.

D. A. Sachs, Jr., of Louisville, Ky. (D. A. Sachs, Jr., and Gifford & Steinfeld, all of Louisville, Ky., on the brief), for respondent and appellee.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. On January 19, 1924, Harry J. Goldstein was adjudged a bankrupt, and in due course C. W. Johnson was selected as trustee of the bankrupt's estate. The trustee filed a petition asking that Goldstein be required to pay over to him $12,573.52, for which the trustee claimed the bankrupt had not accounted. The referee entered an order requiring the bankrupt to turn over to the trustee within 10 days $10,581.10, in money or its equivalent in goods and merchandise. The bankrupt filed a petition for review by the District Judge who modified the order of the referee by reducing the sum to be paid in money by the bankrupt to $8,000. The bankrupt failing to turn over the $8,000 to the trustee within the time fixed by the court, a rule was issued upon the petition of the trustee, requiring him to show cause why he should not be punished for contempt.

The bankrupt filed a response to this rule, in which he averred that a petition had been filed in the United States Circuit Court of Appeals to revise in matters of law the order of the court requiring him to turn over to the trustee $8,000, and also filed a petition for an appeal from said order, together with assignment of errors, and tendered bond therewith. The appeal was allowed, and no further proceedings were had in the bankruptcy court. This case is now in this court upon petition to revise and upon an appeal from the order of the court of May 29, 1924, requiring the bankrupt to pay to the trustee the sum of $8,000.

[1] This cause is properly in this court upon petition to revise. Kirsner v. Taliaferro et al., 202 F. 51, 120 C. C. A. 305; Barnes v. Pampel, 192 F. 525, 113 C. C. A. 81; Courtney v. Shea et al., 225 F. 358, 140 C. C. A. 382. It follows that the appeal must be dismissed. National Discount Co. v. Evans (C. C. A.) 272 F. 570.

It is the claim of the petitioner that in this case no evidence was offered on the part of the trustee tending to prove that he was in possession of either the money or the merchandise, and that his own uncontradicted testimony conclusively established that he was not in possession of either. The referee found as a fact that the bankrupt purchased and received merchandise amounting

to $13,307.85 during the four months just prior to the filing of the petition in bankruptcy, and that he turned over to the trustee merchandise appraised at only $1,344.25.

The bankrupt, when first examined by counsel for the trustee in reference to this discrepancy, testified that he had a fire in December of 1922, which burned practically all of his property, and that in August, 1923, his store was robbed of about $6,000 in merchandise; that business was pretty bad, and that "I lost a little—that is about all." Later he admitted that after the fire and after the robbery he had, during the last three months of that year, a stock of merchandise worth approximately $20,000. This he also undertook to account for upon the theory of robbery, but when told that he need not go back of October 1st following the robbery, he then stated, "Well, I gambled a little; gambled on horses; lost a great deal on the horses; things were tough there, and I thought I could raise a little money to pay my bills." In the opinion of the referee, who saw the witness and heard him testify, the bankrupt, in giving his testimony, "lacked frankness, was at all times evasive in his answers, even to the simplest questions; that he failed to file with the official stenographer the check which he stated he had given in purchase of the business, and his alleged inventory of March 23d, although he had promised to do so; that the trustee was not seeking to require the bankrupt to account for goods prior to the fire or the alleged burglary, but only for goods and merchandise purchased by him in September, October, November, and December of 1923, and, January, 1924."

[2, 3] For these reasons neither the referee nor the court believed the witness in reference to the gambling transaction, which seemed to have been remembered by him only after it became apparent that the fire and the burglary did not account for the merchandise purchased during the four months next preceding the filing of the petition in bankruptcy. If it were conceded that proof that the bankrupt had money or property in his possession shortly prior to the commencement of the proceedings in bankruptcy is not sufficient to show that he had such money or property in his possession at the time of the hearing of the application to require him to turn the same over to the trustee, nevertheless the court has the right to take into consideration an attempt upon the part of the bankrupt to explain the discrepancy by testimony that in the opinion of the court is wholly untrue. The petition to revise presents for review only questions of law arising out of facts found by the trial court or admitted by the party. In re Holden, 203 F. 229, 121 C. C. A. 435. For this reason this court cannot consider or determine the weight of the evidence. It is clear that the order of the court to which this petition to revise is directed is sustained by substantial evidence, and must be affirmed. This, however, is not conclusive upon the question yet to be determined by the District Court in the contempt proceedings. That is a matter for the determination of that court upon the evidence introduced on the final hearing. In re Nevin (C. C. A.) 278 F. 601, 606.

Affirmed and remanded.