# David McKibben and James Wiley *v.* Catherine Doyle, Appellant.

*Payment—Mistake of fact.*

Money erroneously paid under a mutual mistake of fact may be recovered, and the mere omission to take advantage of means of knowledge within the reach of the party paying does not prevent such recovery.

*Mutual mistake of fact—Payment for party wall.*

The defendant claiming the whole of a party wall obtained an injunction restraining the adjoining owner from using it without making compensation. After the injunction had issued the adjoining lot was sold at sheriff's sale and the title became vested in plaintiffs who tendered to defendant the cost of the party wall. Defendant declined the tender unless plaintiffs would pay the costs in the injunction suit. She then sought by rule to bring plaintiffs into the proceedings against the former owner, but her rule was discharged. About five weeks afterwards, at defendant's request, plaintiffs paid her for the wall. It was subsequently ascertained that defendant's grantor had reserved the party wall and that she had no title to it. *Held*, (1) that the payment had been made under a mutual mistake of facts; (2) that it was not made in settlement of litigation; (3) that plaintiffs were entitled to recover from defendant the money which they had paid her.

Argued Jan. 14, 1896. Appeal, No. 71, July T., 1895, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1894, No. 516, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover money paid under an alleged mistake of fact.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for plaintiffs.

Verdict and judgment for plaintiffs for $57.70. Defendant appealed.

*Error assigned* was above instruction.

*Harry K. Blake* and *Joseph A. Gorman,* for appellant.—Even had the defendant not supposed herself to be the owner of the party wall the plaintiffs were put upon inquiry by law and were

on equal footing with the defendant, and were equally able to ascertain whether or not the defendant was legally in possession of the title to the party wall which is the subject of controversy; and having so neglected to make this inquiry the plaintiffs are undoubtedly precluded from recovering back the money voluntarily paid for the wall: Irvine v. Hanlin, 10 S. & R. 219; Lackey v. Mercer County, 9 Pa. 318; Colwell v. Peden, 3 Watts, 327; Deysher v. Triebel, 64 Pa. 383; Real Est. Savings Institution v. Linder, 74 Pa. 373; McCricket v. Pittsburg, 88 Pa. 133; Gould v. McFall, 118 Pa. 455; Easton v. Chicago, 89 Am. Decisions, 361; Beard v. Beard, 52 Am. Rep. 219; Kenneth v. S. C. R. R., 98 Am. Decisions, 382; Baldwin v. Foss, 71 Iowa, 389; Wood v. Armory, 105 N. Y. 278.

*Ormond Rambo*, for appellees.—The right to and compensation for a party wall, does not pass to the purchaser in a conveyance, if reserved to the grantor: Act of April 10, 1849, sec. 4, P. L. 660; Meredith v. Haines, 14 W. N. C. 364.

A payment to be voluntary, and hence not to be recovered back, must be one made without mistake or fraud: McCricket v. Pittsburg, 88 Pa. 133; Baltimore v. Hussey, 9 Atl. Rep. 21.

Payment was not made in compromise of litigation: Natcher v. Natcher, 47 Pa. 496; Gould v. McFall, 118 Pa. 455.

OPINION BY MR. JUSTICE FELL, February 17, 1896:

The defendant, Catharine Doyle, claiming to own the party wall between her premises, No. 2009 Pepper St., and the adjoining premises, No. 2011 Pepper St., obtained an injunction restraining the owner of No. 2011 from using the wall without making compensation therefor. After the injunction had issued the lot No. 2011 with the unfinished building was sold at sheriff's sale and purchased by Thomas J. Rose, who conveyed it to the plaintiffs. The plaintiffs, desiring to complete the building, tendered to the defendant the price of the party wall. She declined to receive the money unless they would pay also the costs of the injunction proceeding against the former owner of the property, and she attempted by rule to make them parties to the proceeding. At the hearing of the rule to show cause the tender was again made and declined for the same reason. The rule was discharged November 25, 1893, and on January 3,

1894, at the request of the defendant she was paid in full for the wall. It was subsequently ascertained that the defendant's grantor had reserved the party wall and that she had no title to it or right to compensation for it, and this action was brought to recover back the money which the plaintiff had paid her.

There is no ground for the argument that this payment was made in mistake of law, or in settlement or compromise of a doubtful right. The defendant asserted her ownership of the wall, and the plaintiffs relying on her statement at once agreed to pay for it, and tendered the price. She attempted to exact the payment of the costs of a legal proceeding to which they were not parties and for which they were not liable. They refused to pay the costs, and the court refused to make them parties to the proceeding. This was the only litigation to be compromised, and there was no compromise of it. They successfully resisted her unfounded demand, and the proceeding as far as it concerned them was ended. Recognizing their duty to pay the owner of the wall, and relying upon her assertion of ownership, they paid her. It was a pure mistake of fact. The defendant sold what she did not own. There is nothing to take the case out of the rule that money erroneously paid under a mutual mistake of fact may be recovered back. The mere omission to take advantage of means of knowledge within the reach of the party paying does not prevent a recovery: Notes to Marriott v. Hampton, 2 Smith's Leading Cases, 414; Meredith v. Haines, 14 W. N. C. 364. It was said in the latter case: "It is not sufficient to prevent a party from recovering money paid by him under a mistake of fact that he had the means of knowledge of the facts unless he paid it intentionally, not choosing to investigate the facts."

The judgment is affirmed.