BURLEIGH et al. v. FOREMAN.

(Circuit Court of Appeals, First Circuit. September 22, 1903.)

No. 472.

**1. BANKRUPTCY—APPEALABLE ORDERS.**

Following Union Trust Co., Petitioner (C. C. A.) 122 Fed. 937, a court of bankruptcy has undoubted power to marshal assets in the hands of a trustee, as between partnership and individual creditors, in the exercise of its equitable jurisdiction conferred by Bankr. Act July 1, 1898, c. 541, § 2, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]; and when, in the course of such proceedings, a distinct and separable issue is raised between parties intervening, involving substantial rights, and which might arise at common law or in equity, the case presents a controversy within the meaning of section 24a, and an appeal lies from the order made thereon under such section to the Circuit Court of Appeals.

Appeal from the District Court of the United States for the District of Massachusetts.

Addison C. Burnham (Albert S. Hutchinson, of counsel), for appellants.

Bancroft Gherardi Davis, for appellee.

Before COLT, PUTNAM, and ALDRICH, Circuit Judges.

PUTNAM, Circuit Judge. This is an appeal from a decree of the District Court for the district of Massachusetts. The proceedings arose out of the bankruptcy of the copartnership of E. C. Hodges & Co., and the question involved is an issue between the creditors of the copartnership and the creditors of one of the copartners, Hodges, relative to the title to the proceeds of seats at the Boston and the New York Stock Exchanges, and at the Chicago Board of Trade, and certain notes and shares of stock of the Wheelman Company. All these assets stood in the name of Hodges; but the creditors of the copartnership claim that they, in fact, belonged to it. A decree was entered that the property constituted joint assets. Thereupon this appeal was seasonably taken. The appellants are Charles B. Burleigh and the Washington National Bank, creditors of Hodges, and Freeman Hutchinson as trustee of the joint and several estates. There is only one appellee, Henry G. Foreman, a creditor of the copartnership.

Of course, in strictness, Burleigh, the Washington National Bank, and Foreman should have been required to intervene in the litigation each in behalf of himself and of all other creditors of the same class. Unless interventions are made in that way, it cannot be clear that adjudications are conclusive against any creditors except those nominally parties to the proceedings. However, no point is made on that account, and, on the record as it stands, we are not required to assume that there are any joint or several creditors except those before us.

The proceeding seems to have commenced with the filing of accounts by the trustee as required by law, crediting the assets in dispute to the individual estate of Hodges, and praying, in several peti-

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

tions and amended petitions, that dividends should be ordered on that basis. Thereupon, Foreman filed several answers to the petitions, solely in his own behalf as stated, without any apparent authority from the court to intervene, if any was needed. Burleigh and the Washington National Bank, in like manner, filed petitions praying that the assets should be marshaled as now claimed by them. The record contains a number of petitions and amendments, in various stages, before the ultimate issues were framed. The result was that there was an order directing reformed pleadings, which clearly recognized the standing as litigants of the creditors who took this appeal. The District Court, having, as we have said, decided that the assets in question belonged to the copartnership, entered accordingly a decree which fully disposed of that issue, and which, therefore, so far as this subject-matter is concerned, was final. Thereupon, Burleigh, the Washington National Bank, and Hutchinson as trustee appealed, as we have said, against Foreman only.

The appellee now moves to dismiss the appeal for several reasons, only one of which has been relied on at bar. That is as follows:

"The matter sought to be brought before this court on appeal is not within the terms of section 25a, and is not a controversy in bankruptcy proceedings within the meaning of section 24a of the bankruptcy act."

Section 2 of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420], enumerates certain matters over which the courts of bankruptcy are invested with jurisdiction at law and in equity. This gives them undoubted cognizance of the marshaling of assets in the possession of the trustee in proceedings like that underlying this appeal, as was fully explained by us in Union Trust Company, Petitioner (C. C. A.) 122 Fed. 937. In this respect the District Courts are not within the prohibition of Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, and of decisions which have followed that case, but their powers are analogous to those exercised by equity courts in marshaling and distributing assets which have come within their control and into their custody. When, however, the equity courts assume a jurisdiction of that character, it is a fundamental rule, so far as the federal tribunals are concerned, that, whenever any party intervening raises a distinct and separable issue or controversy involving substantial pecuniary rights, an appeal lies. Pursuing that analogy, an appeal should be allowed in the present case. A construction of the bankruptcy act of 1898 which would lead to a different conclusion would be monstrous. It would give a single judge absolute power over questions of fact concerning estates in bankruptcy, no matter how immense, while no such power exists in any other branch of the federal judicial jurisdiction. Such a result should not be accepted unless the statute furnishes some express provision in that direction, clear and positive. None such exists.

The relief given by the bankruptcy act of 1898 to litigants dissatisfied with the conclusions of the District Court are distinctly threefold: First, there is an appeal provided in section 25, with reference to the specific matters named therein. This was needed if an appeal was to be allowed, as the matters to which it relates could arise in bank-

ruptcy only. Second, section 24b gives the several Circuit Courts of Appeals jurisdiction "to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction." Third, section 24a invests them "with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases."

Notwithstanding the limited form of expression in section 24b, the appellee maintains that its provision for revision relates to all matters covered by section 2 of the act of 1898, exclusive of all other methods of relief. It is true that, when a statute vests a new jurisdiction and simultaneously enacts a specific remedy, it ordinarily excludes by implication all others. Nevertheless, this is not a universal rule, as is very peculiarly illustrated with reference to the construction of that clause of section 5 of the act of March 3, 1891 (26 Stat. 826), establishing the Circuit Courts of Appeals, which provides an appeal to the Supreme Court in cases in which the jurisdiction of the court below is in issue. It is the settled construction of this statute that, contrary to the usual rule to which we have referred, the losing party in a Circuit Court or a District Court may take to the Supreme Court the question of jurisdiction in accordance with this provision of statute, or, notwithstanding the ordinary implication arising from the specific grant of this method of relief, he may take the entire case, including the question of jurisdiction, to the Circuit Court of Appeals. So with reference to this provision of the bankruptcy act of 1898, on which the appellee relies, it is not unreasonable to hold that a dissatisfied litigant may appeal as to both the law and facts, or may, where a question of law is concerned, take the less expensive and the more summary manner of raising that alone by a revisory petition. Certainly, no detriment could come therefrom, because, in the latter case, the party aggrieved waives all questions of fact which is for the advantage of the winning party in the court below. Such certainly has been the practical construction of this statutory provision, because, in many cases before us, and also in some cases before the Supreme Court, revisory petitions have been considered without objection, even where the issue was clearly of an adversary character, and, in accordance with the rule of Bardes v. Hawarden Bank, not within the jurisdiction of the court of bankruptcy except by the consent of both parties thereto. But this case rests on a more substantial basis.

The appellee maintains that we early decided this question in his favor. This is not maintainable in view of the express caution which we have given the bar in several cases, among the rest in Hutchinson v. Otis (decided on May 22, 1902) 115 Fed. 937, 941, 53 C. C. A. 419, in Hutchinson, Trustee, v. Otis, Wilcox & Co., Hutchinson, Petitioner, and Osborne, Petitioner (decided by us on September 4, 1902) 123 Fed. 14. We need not refer to these opinions at length, because they leave it clear that there has been no formal decision by us of the issue now before us. In the same vein, on a revisory petition in Franklin A. Chase et al., Petitioners, 124 Fed. 753, we passed down on June 18, 1903, an opinion sustaining the petition, although the issue there was of an adversary character, and might have been forced

into a formal suit on the rule of Louisville Trust Company v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413.

Neither has the Supreme Court expressly ruled on the proposition before us. It has, without question, permitted cases to come before it based on revisory petitions to the Circuit Courts of Appeals without comment on this topic. White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Wall v. Cox, 181 U. S. 244, 21 Sup. Ct. 642, 45 L. Ed. 845; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Louisville Trust Company v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413, already cited; Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Page v. Edmunds, 187 U. S. 596, 23 Sup. Ct. 200, 47 L. Ed. 318; and Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555. In these cases it has proceeded so indiscriminately on the foundation of a revised petition to a Circuit Court of Appeals as to give much color to our proposition that in many cases parties considering themselves aggrieved may proceed either by such a petition or by appeal. Wall v. Cox and Louisville Trust Company v. Comingor, ubi supra, were clearly cases of an adversary character, and so far beyond the jurisdiction of the District Court unless by consent, in accordance with the rule in Bardes v. Hawarden Bank, that the party aggrieved certainly had a right of appeal, on all rules of law, if he had seen fit to exercise it. We have searched carefully the late decision of the Supreme Court in Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179, without finding any light on this particular topic.

But, clearly, "proceedings of the several inferior courts of bankruptcy" and "controversies arising in bankruptcy proceedings," as to the latter of which appeals to the Circuit Courts of Appeals are expressly allowed, may take on entirely different characters. The Supreme Court has clearly recognized the distinction in Bardes v. Hawarden Bank, ubi supra, at page 536, 178 U. S., at page 1005, 20 Sup. Ct., and 44 L. Ed. 1175, and again in Denver First National Bank v. Klug, 186 U. S. 202, 205, 22 Sup. Ct. 899, 46 L. Ed. 1127. We have explained this in Hutchinson v. Otis (C. C. A.) 123 Fed. 14.

The subject-matter of this appeal is not in any way peculiar to bankruptcy. Questions of marshaling assets between a copartnership and individual partners arise at common law, but oftener at equity. In the present case the controversy is governed entirely by the principles of the common law and the rules of equity, and it is, therefore, for the reasons we have given, of an essentially different class from the matters as to which section 25a allows appeals. It is involved in the present "bankruptcy proceedings" simply because it arose in them, within the meaning of the citation already made from section 24a of the statute of 1898. The question involved is not, in any proper sense of the word, a mere proceeding in bankruptcy; and there is no reason, either in the theory of the law or in the express language of the statute, why relief should be limited to that kind which is afforded only with reference to such proceedings.

The motion to dismiss the appeal is denied.