## In re DRAYTON.

(District Court, E. D. Wisconsin. November 10, 1904.)

1. BANKRUPTCY—POWERS OF REFEREE—ADVERSE CLAIMS TO PROPERTY.

   A referee in bankruptcy has authority to entertain and consider the claim of an intervening petitioner to property or its proceeds in the hands of a trustee, alleged to be the property of the petitioner, and not of the estate in bankruptcy.

In Bankruptcy. On question certified by the referee, in substance, whether his general authority as referee extends to the consideration of an intervening petitioner's claim to specific property or proceeds in the hands of the trustee, alleged to be the property of the petitioner, and not of the estate in bankruptcy.

Durant, Price & Cowen, for petitioners.

W. E. Burke, for trustee.

SEAMAN, District Judge. While the early decisions under the bankruptcy act appear to have raised doubts upon the question thus certified, I am satisfied that any doubt is cleared by the later rulings of the Circuit Court of Appeals, and finally by the Supreme Court, so that the question can be answered unhesitatingly in the affirmative.

The opinion of Judge Sanborn, for the Circuit Court of Appeals, Eighth Circuit, in Re Rochford, 59 C. C. A. 388, 124 Fed. 182, is not only directly in point, but exhaustive and convincing; and recently like view is upheld by the Supreme Court in Hewit v. Berlin Machine Works, 194 U. S. 296, 300, 24 Sup. Ct. 690, 48 L. Ed. 986, respecting a controversy analogous both in practice and principle with the case at bar. See, also, Holden v. Stratton, 191 U. S. 115, 117, 24 Sup. Ct. 45, 48 L. Ed. 116, and Burleigh v. Foreman (1st Cir.) 125 Fed. 217, 218, 60 C. C. A. 109. So in recent decisions the Circuit Court of Appeals for this circuit recognizes the rule thus stated (In re Antigo Screen Door Co., 59 C. C. A. 248, 252, 123 Fed. 249; In re Rodgers, 60 C. C. A. 567, 575, 125 Fed. 169; In re J. C. Winship Company, 56 C. C. A. 45, 47, 120 Fed. 93), which is substantially this: That settlement of title to or claims against specific property in the hands of the trustee, as purported assets of the estate, is one of the "proceedings in bankruptcy" mentioned in section 23 of the act (Act July 1, 1898, c. 541, 30 Stat. 552, 553 [U. S. Comp. St. 1901, p. 3431]), as there distinguished from separate "controversies at law and in equity" between "trustees, as such, and adverse claimants, concerning the property acquired or claimed by the trustees. The property or proceeds in question in the present case is in the hands of the trustee, in custodia legis, and the bankruptcy court is necessarily vested with both power and duty to determine all rights therein, upon proper notice, as "controversies in relation thereto," vide section 2, subd. 7, of the act (Act July 1, 1898, c. 541, 30 Stat. 545, 546 [U. S. Comp. St. 1901, p. 3421]); no inconsistent provision appearing elsewhere. It would be anomalous indeed if the act were interpreted to deprive the tribunal of such jurisdiction as a court of bankruptcy in possession of the res.

Section 38, subd. 4 (Act July 1, 1898, c. 541, 30 Stat. 555 [U. S.

Comp. St. 1901, p. 3436]), confers upon the referees power to "perform such part of the duties, except as to questions arising out of the application of bankrupts for compositions and discharges, as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders of the courts of bankruptcy of their respective districts, except as herein otherwise provided"; and general order 12 (32 C. C. A. xvi, 89 Fed. vii) directs that all proceedings after reference, "except such as are required by the act or by general orders to be had before the judge, shall be had before the referee." No provision of the act, general orders, or rule of this court requires claims of this nature to be primarily heard before the judge, and the jurisdiction of the referee to that end appears to be undoubted. The question certified is so answered.