HOBBS v. HEAD & DOWST CO.

In re NEW ENGLAND BREEDERS' CLUB.

(Circuit Court of Appeals, First Circuit. November 24, 1911.)

No. 873.

1. BANKRUPTCY (§ 453*)—APPELLATE JURISDICTION—SUPREME COURT—REVIEW OF DECISIONS OF CIRCUIT COURT OF APPEALS—CONTROVERSY ARISING IN BANKRUPTCY PROCEEDINGS.

Under Act March 3, 1891, c. 517, § 6, 26 Stat. 828 (U. S. Comp. St. 1901, p. 549), an appeal to the Supreme Court lies from a decree of a Circuit Court of Appeals, entered on a formal appeal from a District Court under Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3431), in a controversy arising in bankruptcy proceedings, but which might have arisen independently of such proceedings, where the requisite amount is involved.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 453.*]

2. BANKRUPTCY (§ 461*)—APPEAL FROM CIRCUIT COURT OF APPEALS—TIME FOR TAKING—BANKRUPTCY STATUTE.

The provisions of Bankr. Act July 1, 1898, c. 541, § 25b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), and of general orders in bankruptcy No. 36, subd. 2 (89 Fed. xiv, 32 C. C. A. xxxvi), limiting the time for taking an appeal to the Supreme Court from the final decision of a Circuit

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Court of Appeals, relate only to appeals taken expressly under the bankruptcy statute, and do not apply to an appeal from a decision rendered on a formal appeal taken under section 24a of the act in a controversy arising in a bankruptcy proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 461.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the District of New Hampshire.

In the matter of the New England Breeders' Club, bankrupt. Nathaniel W. Hobbs, trustee, appeals from an order denying his petition for disallowance of a claimed mechanic's lien in favor of the Head & Dowst Company. On petition by appellant for appeal to Supreme Court. Appeal allowed.

For former opinion, see 184 Fed. 409, 106 C. C. A. 519. See, also, 185 Fed. 1006, 107 C. C. A. 663.

Before COLT and PUTNAM, Circuit Judges.

PUTNAM, Circuit Judge. [1] This is in the same case in which we passed down an opinion on the 3d day of January, 1911, reported in 184 Fed. 409, 106 C. C. A. 519, and is a petition for allowance of an appeal to the Supreme Court from our decree affirming the proceedings of the District Court. The case relates to establishing a lien on real estate, and involves a question which might arise independently of any proceedings in bankruptcy. Therefore, as it involves the requisite amount, and does not depend upon the citizenship of the parties, it is appealable from the Circuit Court of Appeals, in accordance with the sixth section of the act of March 3, 1891, constituting those courts. There have been many discussions by the Supreme Court of this question, but the whole comes down to the proposition that the jurisdiction of the Court of Appeals over the District Court by formal appeal exists wherever the controversy is of such a character that it might arise where there were no bankruptcy proceedings whatever. All such controversies bring the right of appeal within the provision of the sixth section of the act of 1891, which we have cited. It is not necessary to cite any decisions on this point, except Burleigh v. Foreman (decided by us on September 22, 1903) 125 Fed. 217, 60 C. C. A. 109, and in addition, in the Supreme Court, Hewit v. Berlin Machine Works, 194 U. S. 296, 310, 24 Sup. Ct. 690, 48 L. Ed. 986, approving Burleigh v. Foreman, and Coder v. Arts, 213 U. S. 223, 233, 29 Sup. Ct. 436, 53 L. Ed. 772 et seq.

But it is claimed that the proceeding in the Court of Appeals was of a revisory nature. It is sufficient to say that there was a formal appeal, and also a petition for revision, and that the petition for revision was dismissed, while the judgment was on the appeal. Whatever may be said with reference to the reasons for the judgment, it is as a matter of law conclusive on the merits; and, notwithstanding any suggestions in the opinion to the contrary, if there are any, the decree in fact disposed of the merits, even if it might be doubtful on what precise grounds the District Court proceeded. The petition for revision became immaterial, and therefore, as a matter of law arising

on the face of the judgment, the case was determined on the formal appeal; and, as the case involved a controversy which existed independently of any bankruptcy proceedings, as we have shown, this proposition against our allowing an appeal to the Supreme Court is ineffectual.

[2] It is said, however, that the appeal was not asked for in season. It is true it was not asked for until after the expiration of 30 days from the entry of judgment, and to a certain extent the bankruptcy statutes require appeals to the Supreme Court to be taken within such 30 days. We need not recite the statutory provisions, because they are to be found at length in Conboy v. Bank, 203 U. S. 141, 143, 144, 27 Sup. Ct. 50, 51 L. Ed. 128. The objection to an allowance of an appeal on account of this limitation cites Conboy v. Bank and Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436, 53 L. Ed. 772; but the statute limiting an appeal to 30 days relates by its terms only to appeals taken expressly under the bankruptcy statutes. This is the construction given to the statutes by rule 36 (89 Fed. xiv, 32 C. C. A. xxxvi) of the general orders and forms in bankruptcy; and in the same way that rule requires the filing of specific findings of fact and conclusions of law only in relation to the same class of appeals. Conboy v. Bank related expressly to a formal proof of a claim in bankruptcy, while Coder v. Arts related to proceedings of a mixed character, which, on the whole, the court concluded were governed by the fact that they involved a like formal presentation of a claim, following in this respect the substance of the initial case of Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179. Consequently there is nothing standing in the way of the allowance of the appeal now asked for.

Appeal allowed.