HOBBS *v.* HEAD AND DOWST COMPANY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 148. Argued December 18, 19, 1913.—Decided January 5, 1914.

Even though contractors may not be entitled to a mechanics' lien under the statute unless the contract be completed, they may be entitled thereto if absolute completion is waived, and in this case this court will not go behind the finding of the master followed by the court below that there was a waiver and the contractor was justified in stopping work.

Where the state trial court had upheld a mechanics' lien before the petition and the trustee in bankruptcy seeks in the Federal court to prevent the enforcement of the lien, this court will not go behind the state judgment because exceptions thereto had not been passed upon owing to the action of those representing the estate.

In this case this court is satisfied that substantial justice has been

done in enforcing a lien for over $45,000 admittedly due to the contractor but contested because about $1,000 of work remained uncompleted on a contract of $187,000, the contractors having ceased work after the owner of the building had failed in its payments and was hopelessly insolvent.

175 Fed. Rep. 501, affirmed.

THE facts, which involve the validity of a lien for labor and materials on property of a bankrupt, and the necessity for completion of the contract in order to maintain the lien, are stated in the opinion.

*Mr. Henry F. Hollis* for appellant:

The alleged lien has no legal standing under the statute. See N. H. Pub. Stats., c. 141, §§ 10, 16, 17.

The lienors are not entitled to a mechanics' lien because: They deliberately, willfully, and without legal excuse, failed to complete their contract; nothing is due and payable under said contract; the contract is entire and no way is provided to apportion non-lienable items.

All the mechanics' lien cases which are reported in New Hampshire reports are as follows and sustain this contention: *Jacobs* v. *Knapp,* 50 N. H. 71; *Bryant* v. *Warren,* 51 N. H. 213; *Cheshire Prov. Ins.* v. *Stone,* 52 N. H. 365; *Cole* v. *Colby,* 57 N. H. 98; *Freeto* v. *Houghton,* 58 N. H. 100; *Hill* v. *Callahan,* 58 N. H. 497; *Hale* v. *Brown,* 59 N. H. 551; *Eastman* v. *Newman,* 59 N. H. 581; *Marston* v. *Stickney,* 60 N. H. 112; *Foote* v. *Scott,* 60 N. H. 469; *Pike* v. *Scott,* 60 N. H. 469; *Hodgdon* v. *Darling,* 61 N. H. 582; *Pitman* v. *Thompson,* 63 N. H. 73; *Thompson Mfg. Co.* v. *Smith,* 67 N. H. 409; *Kendall* v. *Pickard,* 67 N. H. 470; *Quimby* v. *Williams,* 67 N. H. 489; *Lawson* v. *Kimball,* 68 N. H. 549; *Wason* v. *Martel,* 68 N. H. 560; *Lavoie* v. *Burke,* 69 N. H. 144; *Grafton Co.* v. *Company,* 69 N. H. 177; *Perrault* v. *Shaw,* 69 N. H. 180; *Cudworth* v. *Bostwick,* 69 N. H. 536; *Bixby* v. *Whitcomb,* 69 N. H. 646; *Russell* v. *Howell,* 74 N. H. 551.

A mechanics' lien is a creature of the statute, and can only be obtained by a strict compliance with the letter of the law. *Marston* v. *Stickney*, 55 N. H. 383; *Jacobs* v. *Knapp*, 50 N. H. 71, 80; *Bicknell* v. *Trickey*, 34 Maine, 273, 281; *Trask* v. *Searle*, 121 Massachusetts, 229; *Gale* v. *Blaikie*, 129 Massachusetts, 206; *Wendell* v. *Abbott*, 43 N. H. 68, 73; *Ellis* v. *Lull*, 45 N. H. 419; *Pierce* v. *Cabot*, 159 Massachusetts, 202; *Street Lumber Co.* v. *Sullivan*, 87 N. E. Rep. (Mass.) 905; *General Fire Extinguisher Co.* v. *Chaplin*, 183 Massachusetts, 375; *Grainger & Co.* v. *Riley*, 201 Fed. Rep. 901, 903; *Street Lumber Co.* v. *Sullivan*, 201 Massachusetts, 484; *Whalen* v. *Collins*, 164 Massachusetts, 146, 150; 20 Am. & Eng. Ency. Law, 2d ed., 269, 277; 27 Cyc. 20.

The lien was not recognized at common law. *Van Stone* v. *Company*, 142 U. S. 128, 136.

Under the New Hampshire and similar statutes, the lien suit must be based upon an express contract with the owner, in existence when the service is performed. It cannot be based upon a *quantum meruit*, or implied assumpsit. *Copeland* v. *Kehoe*, 67 Alabama, 594; *Rowley* v. *James*, 31 Illinois, 298; *Parker* v. *Anthony*, 4 Gray, 289; *Sanderson* v. *Taft*, 6 Gray, 533; *Sly* v. *Pattee*, 58 N. H. 102; *Pike* v. *Scott*, 60 N. H. 469; *Marston* v. *Stickney*, 60 N. H. 112; *Jacobs* v. *Knapp*, 50 N. H. 71, 78; *Dressel* v. *French*, 7 How. Pr. (N. Y.) 350; *Ellenwood* v. *Burgess*, 144 Massachusetts, 534.

In case there is an express contract, there can be no lien unless the claimant show one of three things: That he has performed the contract: *Rochford* v. *Rochford*, 192 Massachusetts, 231; *General Fire Extinguisher Co.* v. *Chaplin*, 183 Massachusetts, 375; *Rome Hotel Co.* v. *Warlick*, 87 Georgia, 34; *Thomas* v. *University*, 71 Illinois, 310; *Bohem* v. *Seabury*, 141 Pa. St. 594; *Moritz* v. *Larsen*, 70 Wisconsin, 569; *Company* v. *Berghoefer*, 103 Wisconsin, 359; *Cahill* v. *Heuser*, 2 N. Y. App. Div. 292; *Paturzo* v.

*Shuldiner*, 110 N. Y. Supp. 137; *Gunther* v. *Bennett*, 72 Maryland, 384; *Brick Co.* v. *Spilman*, 76 Maryland, 337; *Derrickson* v. *Edwards*, 29 N. J. Law, 468; *McGraw* v. *Godfrey*, 16 Abb. Prac. (N. S.) 358. That he has been prevented from doing so by the other party: *Howes* v. *Reliance Wire Co.*, 46 Minnesota, 44; *Knight* v. *Norris*, 13 Minnesota, 473; *Dennistoun* v. *McAllister*, 4 E. D. Smith (N. Y.), 729; *Kenney* v. *Sherman*, 28 Illinois, 520; *Charnley* v. *Honig*, 74 Wisconsin, 163; *Hutchins* v. *Bautch*, 123 Wisconsin, 394; *Catlin* v. *Douglas*, 33 Fed. Rep. 569; *Sproessig* v. *Keutel*, 17 N. Y. Supp. 839. That performance has been waived: *Cahill* v. *Heuser*, 2 N. Y. App. Div. 292; *Floyd* v. *Rathledge*, 41 Ill. App. 370; *McCue* v. *Whitwell*, 156 Massachusetts, 205; *Stewart* v. *McQuaide*, 48 Pa. St. 191; 20 Am. & Eng. Ency. (2d ed.), 366.

See also to the same effect *Hains* v. *Graham*, 111 S. W. Rep. (Ark.) 984; *Pippy* v. *Winslow*, 125 Pac. Rep. (Or.) 298; *Klaub* v. *Vokonn*, 169 Ill. App. 434; *Evans* v. *Woodley*, 138 N. W. Rep. (Mich.) 275.

The lienor willfully failed to complete the shutters, at an estimated expense of $1,000 and damage to that amount accrued thereby.

The completion of the contract was not prevented although it was somewhat delayed by the owner; performance of the contract was not waived.

The only excuse for the failure to complete the contract was failure of the owner to make its payments under the contract.

Breach by one party is no excuse for failure to perform by the other party. *Geary* v. *Bangs*, 33 Ill. App. 582, 584, 585; *Palm and Robertson* v. *R. R. Co.*, 18 Illinois, 217; *Kenney* v. *Sherman*, 28 Illinois, 520, 523; *West* v. *Bechtel*, 125 Michigan, 144; *Winchester* v. *Newton*, 2 Allen (Mass.), 492; *Dox* v. *Dey*, 3 Wend. (N. Y.) 356, 361; *M'Grath* v. *Horgan*, 76 N. Y. Supp. 412; *Osgood* v. *Bauder*, 75 Iowa, 550, 558; *Myer* v. *Wheeler*, 65 Iowa, 390; *Hanson* v. *Heat-*

*ing Co.,* 73 Iowa, 79; *Bianchi* v. *Hughes,* 124 California, 24, 27; 3 Page, Contracts, § 1490 (7); *Mersey Co.* v. *Naylor,* 9 App. Cas. (H. of L.) 434; *Cox* v. *McLaughlin,* 54 California, 605; *Campbell* v. *McLeod,* 24 Nova Scotia, 66; *Mill Dam Foundry* v. *Hovey,* 21 Pick. (Mass.) 417, 435; *Howe* v. *Howe & Owen Co.,* 154 Fed. Rep. 820, 826; *Kauffman* v. *Raeder,* 108 Fed. Rep. 171, 181; *Paturzo* v. *Shuldiner,* 110 N. Y. Supp. 137; *Boon* v. *Eygre,* 1 H. Bl. 273 (Lord Mansfield).

Insolvency of one party is no excuse for abandoning work by the other party. *Pardee* v. *Kanady,* 100 N. Y. 121; *Vandegrift* v. *Cowles Eng. Co.,* 161 N. Y. 435; *Phenix Nat. Bank* v. *Waterbury,* 197 N. Y. 161; *Ins. Com.* v. *Ins. Co.,* 68 N. H. 51; *Bank Comm'rs* v. *Trust Co.,* 69 N. H. 621.

In New York this point has been considered and maintained more often than anywhere else. *N. E. Iron Co.* v. *Gilbert E. R. R.,* 91 N. Y. 153; *Devlin* v. *Mayor,* 63 N. Y. 8; *Merchant* v. *Rawson,* 1 Clarke Ch. (N. Y.) 123; *Underhill* v. *North Am. Co.,* 31 How. Prac. (N. Y.) 34; *In re Carter,* 47 N. Y. Supp. 383. See also *Hobbs* v. *Columbia Co.,* 157 Massachusetts, 109; *Jewett Pub. Co.* v. *Butler,* 159 Massachusetts, 517; *Lumber Co.* v. *Co.,* 89 Mo. App. 141; *In re Edwards,* 8 Ch. App. (Eng.) 289, 293; *McConnell & Drummond* v. *Hewes,* 50 W. Va. 33; *Brassel* v. *Troxel,* 68 Ill. App. 131.

For additional authorities recognizing this principle, see *Boorman* v. *Nash,* 9 B. & C. (Eng.) 145; Wald's Pollock on Contracts (3d ed.), 355, n. 88; Page on Contracts, § 1449, p. 2243; Benjamin on Sales, p. 808; *Lumber Co.* v. *Glasgow Co.,* 101 Fed. Rep. 863.

The owner did not refuse to make its payments under the contract.

The finding that the architect's certificate for $25,000 was given September 29th, is based on incompetent evidence.

Nothing is due under the contract. Under the express

terms of the contract, payments become due only upon the performance of certain unperformed conditions.

Nothing can be recovered under a contract until the contract has been complied with. *Robinson* v. *Crowninshield,* 1 N. H. 76; *Currier* v. *Railroad,* 34 N. H. 398; *Danforth* v. *Freeman,* 69 N. H. 466; *Wadleigh* v. *Sutton,* 6 N. H. 15; *Dame* v. *Woods,* 73 N. H. 222.

Nothing being due under the contract, no recovery can be had in the lien suit. 20 Am. & Eng. Ency. (2d ed.) 520.

As the creditor can maintain no action against the debtor until his demand is due and payable, he cannot until that time secure his lien by attachment. The cause of action and the perfected enforceable lien accrue to him at the same moment. *Kendall* v. *Pickard,* 67 N. H. 470; *Kihlburg* v. *United States,* 97 U. S. 398; *Martinsburg Co.* v. *March,* 114 U. S. 549; *Palmer* v. *Clark,* 106 Massachusetts, 373; *Chicago &c. Co.* v. *Price,* 138 U. S. 185; *Harmon* v. *Ashmead,* 60 California, 439; *Pitt* v. *Acosta,* 18 Florida, 270; *Thomas* v. *Turner,* 16 Maryland, 105; *Lauer* v. *Dunn,* 115 N. Y. 405; *Kinney* v. *Hudnut,* 3 Illinois, 472; *Preusser* v. *Florence,* 4 Abb. N. C. (N. Y.) 136; *Schroth* v. *Black,* 50 Ill. App. 168.

While as a general rule if there has been an honest endeavor to complete the contract, and substantial compliance with its terms, a lien may be enforced, 20 Am. & Eng. Ency., 2d ed., 366–367; 27 Cyc. 85, a willful omission in the performance of the contract, unless trivial, will preclude the assertion of a lien. 20 Am. & Eng. Ency. (2d ed.) 367; 27 Cyc. 85, n. 27; *Van Clief* v. *Van Vechten,* 130 N. Y. 571, 579; *Elliott* v. *Caldwell,* 43 Minnesota, 357; *D'Arnato* v. *Gentile,* 173 N. Y. 596; *S. C.,* 54 App. Div. 625; *Weeks* v. *O'Brien,* 59 N. Y. Super. Ct. 28; *May* v. *Menton,* 18 Misc. (N. Y.) 737; *Kohl* v. *Fleming,* 21 Misc. 690; *Fox* v. *Davidson,* 36 N. Y. App. Div. 159; *Spence* v. *Ham,* 27 N. Y. App. Div. 379; *Anderson* v. *Todd,* 8 N. Dak. 158;

*Federal Trust Co.* v. *Guingues,* 74 Atl. Rep. (N. J.) 652, 654; *Braseth* v. *State Bank,* 12 No. Dak. 486; *Wade* v. *Haycock,* 25 Pa. St. 382; *Gillespie Co.* v. *Wilson,* 123 Pa. St. 19; *Sherry* v. *Madler,* 123 Wisconsin, 621; *Roane* v. *Murphy,* 96 S. W. Rep. (Tex.) 782; *Hahn* v. *Bonacum,* 76 Nebraska, 837; *Gillis* v. *Cobe,* 177 Massachusetts, 584; *Burke* v. *Coyne,* 188 Massachusetts, 401; *Schindler* v. *Green,* 82 Pac. Rep. (Cal. App.) 341; *Smith* v. *Ruggeriero,* 173 N. Y. 614; *King* v. *Moore,* 70 N. Y. Supp. 6.

The architect's certificate was essential. 20 Am. & Eng. Ency., 2d ed., 370; 30 Id. 1205, 1237; Addison on Contracts, § 394; 27 Cyc. 87, n. 38; *Hanley* v. *Walker,* 8 L. R. A. 207; *Packard* v. *Van Schoick,* 58 Illinois, 79; *Coey* v. *Lehman,* 79 Illinois, 173; *Barney* v. *Giles,* 120 Illinois, 154; *Arnold* v. *Bournique,* 144 Illinois, 132; *Kirtland* v. *Moore,* 40 N. J. Eq. 106; *Wolf* v. *Michaelis,* 27 Ill. App. 336; *Provost* v. *Shirk,* 223 Illinois, 468; *Boots* v. *Steinberg,* 100 Michigan, 134; *Boden* v. *Mayer,* 95 Wisconsin, 65; *Forster Lumber Co.* v. *Atkinson,* 94 Wisconsin, 578; *Nesbit* v. *Braker,* 93 N. Y. Supp. 856; *Federal Trust Co.* v. *Guingues,* 74 Atl. Rep. (N. J.) 652, 656.

Where a contractor engages to do different kinds of work under the same contract for a lump sum, upon part of which he is entitled to a lien and the other part not, no lien attaches in his favor. *Libbey* v. *Tidden,* 192 Massachusetts, 175, 177; *Morrison* v. *Minot,* 5 Allen, 403; *Brewster* v. *Wyman,* 5 Allen, 405; *Graves* v. *Bemis,* 8 Allen, 573; *Getty* v. *Ames,* 30 Oregon, 573; *Allen* v. *Elwert,* 29 Oregon, 444.

For cases recognizing this general doctrine, see *Driscoll* v. *Hill,* 11 Allen, 154; *Angier* v. *Distilling Co.,* 178 Massachusetts, 163; *General Fire Extinguisher Co.* v. *Chaplin,* 183 Massachusetts, 375; *Evans Marble Co.* v. *Trust Co.,* 101 Maryland, 210; *McLain* v. *Hutton,* 131 California, 132; *Peatman* v. *Light & Power Co.,* 105 Iowa, 1; *Adler* v. *Exposition Co.,* 126 Illinois, 373; *McMaster* v. *Merrick,*

41 Michigan, 505; *Edgar* v. *Salisbury,* 17 Missouri, 271; *Sweem* v. *Railroad Co.,* 85 Mo. App. 87, 95; *Baker* v. *Fessenden,* 71 Maine, 292; *Rinzel* v. *Stumpf,* 93 N. W. Rep. (Wis.) 36; *Thompson Mfg. Co.* v. *Smith,* 67 N. H. 409, 410; *Grafton &c. Co.* v. *Company,* 69 N. H. 177; *Meek* v. *Parker,* 63 Arkansas, 367; *Baum* v. *Covert,* 62 Mississippi, 113; *Tumer* v. *Wentworth,* 119 Massachusetts, 459; *Harrison* v. *Ass'n,* 134 Pa. St. 558.

*Mr. George H. Warren* and *Mr. Robert L. Manning* for appellees.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case arises upon a petition by a trustee in bankruptcy to prevent the enforcement of a lien for labor and materials in a state court. The proceedings in the state court were begun and had passed to a judgment in the Superior Court of New Hampshire, subject to exceptions, before the adjudication of bankruptcy. Afterwards the exceptions were overruled on technical grounds not touching the merits, the trustee in bankruptcy being heard at this stage. The action upon the matter in the courts of the United States will be seen in 169 Fed. Rep. 586, *S. C.,* 95 C. C. A. 84; 175 Fed. Rep. 501, and 184 Fed. Rep. 409, *S. C.,* 106 C. C. A. 519; a rehearing being denied upon the last decision in 185 Fed. Rep. 1006, *S. C.,* 107 C. C. A. 663, and an appeal to this court allowed in 191 Fed. Rep. 811, *S. C.,* 112 C. C. A. 325. The allowance of the appeal was correct. *Knapp* v. *Milwaukee Trust Co.,* 216 U. S. 545; *Greey* v. *Dockendorff, ante,* p. 513.

The Head and Dowst Company had agreed with the bankrupt to erect a grand stand, clubhouse, and other buildings and structures, for $187,644, and had completed the work, with the exception of shutters on the grand stand that would cost about $1000 to finish. At this point

it was told by the bankrupt of the hopeless insolvency of the latter and was informed that it must look to its lien to support its claim. Thereupon the company stopped work and began its lien suit. When the present attempt was made to reopen the matter, the case was sent to a Master who reported in great detail the facts just summed up and concluded that the Company was entitled to a lien for $45,995.02, exclusive of interest, that being the part of the contract price remaining unpaid, less $1000 for the shutters &c., and being also very nearly the same sum that was found due in the state court. The judge of the District Court thereupon dismissed the trustee's petition, and his decree was affirmed by the Circuit Court of Appeals. 175 Fed. Rep. 501, *sup.*

We shall consider such questions only as are sufficient to decide the case, omitting others that would have to be considered before the decree below could be reversed. The trustee argues that the failure to take the proper steps to get exceptions heard by the Supreme Court of the State on the merits constitutes an equitable ground for going behind the state judgment in order to defeat it by an objection of the most narrowly technical sort. The objection of course is that the contract was entire, and that whatever justification there may have been for stopping work, or ground for a *quantum meruit*, nothing short of complete performance would earn the contract price as such, or establish a lien for the same. It is argued in the same connection that the facts did not justify the Company in stopping work, but we shall not go behind the finding of the Master in this respect, followed as it has been, or say more than that, as we construe the facts and finding, it was quite right, and that putting on the last touches was waived.

We are of opinion that the decision was equally right. The case was tried upon its merits and decided in favor of the lien by the state court. The failure to get the

exceptions considered was due to no fault of the appellee, but solely to the conduct of those then representing the interests of the estate. It is a doubtful suggestion that an equity could be founded upon this. Certainly it is an inadequate ground for the intervention of equity to enforce forfeiture of a claim that could not be defeated, if at all, except by a most technical application of the law, and on the assumption that the state court did not know the law of the State. We shall not speculate upon that point, beyond saying that we see no reason to doubt that the state court was right, *Bergfors* v. *Caron,* 190 Massachusetts, 168, and cases in 27 Cyc. 85, 87, and 20 Am. & Eng. Encyc. of Law, 2d ed., 366–368, as we are satisfied that substantial justice has been done. Some subordinate matters of detail were argued but they do not seem to us to need mention; the whole strength of the case lay in the matter of which we have disposed.

*Decree affirmed.*