### In re RUSSELL.

(District Court, E. D. Pennsylvania. June 24, 1921.)

#### No. 642.

Bankruptcy ⬦⟩212—Fund received by trustee through mistake paid over to lawful owners.

> The trustee of a deceased bankrupt joined in a conveyance of real estate and received a share of the proceeds, in the mistaken belief, shared by all the parties, that bankrupt before his death was owner of a vested interest in remainder in the property, whereas his interest was contingent and was terminated by his death prior to that of the life tenant. *Held*, that the mistake, under the law of Pennsylvania, was not one of law only, but of law and fact, and the court, under Bankruptcy Act, § 2, subd. 7 (Comp. St. § 9586). had jurisdiction to order the fund paid over to the lawful owners of the property sold.

In Bankruptcy. In the matter of William F. Russell, bankrupt, deceased. On review of order of referee. Affirmed.

Thomas J. Meagher, of Philadelphia, Pa., for trustee.

Thomas Stokes and Henry, Pepper, Bodine & Stokes, all of Philadelphia, Pa., for claimants.

THOMPSON, District Judge. William F. Russell was adjudicated a bankrupt on June 29, 1900. Upon June 13, 1900, he was duly discharged as such bankrupt and the case was subsequently closed. On March 17, 1909, the bankrupt died. On June 19, 1912, the executor of a creditor filed a petition setting out that it had come to her knowledge that, when the bankrupt filed his petition in bankruptcy and at the time of his death, he was seized of an interest in remainder in certain real estate, which property he had omitted from his schedule of assets, and that the life estate upon which the remainder was expectant had terminated on June 22, 1910. The petitioner prayed that the estate be reopened. On July 16, 1912, upon an agreed statement of facts, the

⬦⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court entered an order reopening the bankrupt estate and referring it to a referee for further proceedings. The facts are as follows:

Emma L. Evans died testate December 22, 1887. Under her will she placed her residuary estate in trust, and provided that the net income should be paid to her sister, Sarah E. Russell, for life. After the death of the life tenant it was directed that the residuary estate be divided into five parts, two of which were placed in trust to pay and divide the income among six nephews (one of whom was the bankrupt, William F. Russell, and two of whom were Winfield S. and Randolph P. Russell, the petitioners), with further direction after the death of each of the said six nephews to transfer and pay the representative portion of the capital to his children, if any then living, and the issue of any then deceased; and in case there should be no such child or issue of deceased child then living, and if none of such children or issue of deceased children be then living, then over.

Sarah E. Russell, the life tenant, died January 22, 1910, survived by but two of the six nephews, namely Randolph P. and Winfield S. Russell. In Evans Estate, No. 1, 264 Pa. 357, 107 Atl. 731, decided June 21, 1919, it was held that the gift to the six nephews was not vested, but contingent upon their surviving the life tenant. Prior to the above decision, and prior to the petition to reopen, at the adjudication of the first account of the testamentary trustee, it was held that William F. Russell, the bankrupt, had a vested interest in Emma L. Evans' estate. The testatrix died seized of real estate, No. 634 Market street, Philadelphia. The trustee under an orphans' court order sold this property for $135,000, $15,000 in cash and $120,000 secured by mortgage.

A title company having refused to pass title unless the deed was joined in by a trustee of the bankrupt estate of William F. Russell, the proceedings above referred to were taken to reopen the cause in bankruptcy, and Harry S. Mesirov, Esq., was appointed trustee. The trustee, having joined in the deed, received a share of the cash payment representing the supposed interest of the bankrupt therein, and later received a similar representative portion of the $120,000 secured by mortgage and interest. Meanwhile, upon the audit of the second account of the trustee in the orphans' court, the auditing judge held that the nephews did not have a vested interest, but that the interest of each was contingent upon his surviving the life tenant. The court in banc sustained exceptions to this finding, and held that the interest of each of the nephews was vested, payable at the death of the life tenant to those who survived and to the representatives of deceased nephews. That decision of the court in banc was reversed in the case of Evans Estate, No. 1, supra. In Evans Estate, No. 2, 264 Pa. 361, 107 Atl. 732, an award to the trustee in bankruptcy was ordered set aside.

Thereafter, on July 15, 1920, Winfield S. Russell and Randolph P. Russell filed a petition with the referee in bankruptcy for an order upon the trustee in bankruptcy that the money received by him from the sale of the said real estate be paid to the petitioners, for the reason that upon the death of Sarah E. Russell the remainder in the two-fifths share

after her life estate had become vested in them, and the money received from the sale by the trustee in bankruptcy was in fact the money of the petitioners. After hearing upon petition, answer, and proofs, the referee on February 28, 1921, entered an order upon the trustee to pay to the petitioners or their attorneys the sum of $8,676.72, with interest.

This order of the referee is here upon petition and certificate for review. There can be no dispute that the bankrupt never had a vested interest in the real estate sold. His interest was contingent upon his surviving Sarah E. Russell, and, she having survived him, his contingent interest died with him. There having been no title in the bankrupt, no title passed to the original trustee upon his appointment, and no title passed to the present trustee upon his appointment. At the time of the sale and conveyance of the property, and at the time of the distribution of the proceeds the petitioners, Winfield S. and Randolph P. Russell, the trustee in bankruptcy, and the trustee under the will of Emma L. Evans all believed that the bankrupt had a vested interest which had passed to his trustee in bankruptcy. It must be conceded, therefore, that the money paid to the trustee for the interest of the bankrupt was paid to the trustee and received by him in mistake as to the rights of the parties. Under the facts, it appears that whatever interest passed by the joinder of the trustee with Winfield S. and Randolph P. Russell would in fact have passed by their joinder without the trustee.

The petitioners place their right to the fund upon the ground that the money, being in the hands of the trustee, who is an officer of the court, is in custodia legis, and therefore should be in equity and good conscience paid to its rightful owners, who would have received it, but for the mistake. They further urge that the mistake under which the trustee received the money was not a pure mistake of law, but was such a mixed mistake of law and fact as to entitle the injured parties to recover.

The trustee claims the right to retain the fund for the creditors for the bankrupt upon two grounds: First, because the money was paid under mistake of law, and hence is not recoverable; second, that the payment was made and the trustee joined in the deed in order that the sale might be consummated by conveyance of any color of title in the trustee, and that the parties to the sale bought their peace by assenting to a certain part of the purchase price going to the trustee, and that having entered into such an arrangement, and the money having been paid, they are concluded from reversing their previous assent to the trustee being a party to the deed and receiving as an inducement to join in the deed an amount representing the value of the supposed interest of the bankrupt.

If the mistake is a mistake of law only, the rule is not denied that equity will not grant relief as between individuals. That is the well-known settled law of Pennsylvania. Rankin v. Mortimere, 7 Watts, 372; McAninch v. Lauglin, 13 Pa. 371; Gross v. Leber, 47 Pa. 520. The money having been received by the trustee, qua trustee, however, his rights therein are restricted to those conferred upon a trustee in

bankruptcy by statute. When he joined in the deed, it was for the purpose and with the intention on the part of all parties that he should convey to the grantee an undivided interest, which was mistakenly believed to belong to the bankrupt estate, and so far as the record shows the portion of the purchase money received by him was a consideration for that interest, and not for the purpose of clearing a cloud upon the title. All parties were acting under the mistaken supposition that the bankrupt had acquired under the will a vested remainder.

As to the bankrupt's ownership, all parties were mistaken. He had never owned an interest in the estate, except that contingent upon his survival of the life tenant. No title passed to the trustee. A mistake as to ownership of real estate or title thereto has been held with practical unanimity in the Pennsylvania cases to be a mistake of fact, and not purely a mistake of law. Whelen's Appeal, 70 Pa. 410; Goettel v. Sage, 117 Pa. 298, 10 Atl. 889; Wilson v. Ott, 173 Pa. 253, 34 Atl. 23, 51 Am. St. Rep. 767; McKibben v. Doyle, 173 Pa. 579, 34 Atl. 455, 51 Am. St. Rep. 785; Union Trust Co. v. Gilpin, 235 Pa. 524, 84 Atl. 448. The same doctrine is followed in the English cases and by the courts of most of the states of the Union. The fund being in the hands of the trustee, the controversy is incident to the jurisdiction of the court under section 2, subd. 7, of the Bankruptcy Act (Comp. St. § 9586). In re Drayton (D. C.) 135 Fed. 883; In re MacDougall (D. C.) 175 Fed. 400; Murphy v. John Hoffman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327.

The petition for review must be dismissed, and the order of the referee affirmed.