## · BROWN SHOE CO. v. WYNNE.

### In re WRIGHT & WEISSINGER.

(Circuit Court of Appeals, Fifth Circuit. June 8, 1922.)

No. 3844.

1. Bankruptcy ⟨key⟩211—Bankruptcy court without power over property in lawful possession of state court.

Where a state court had acquired possession of property in a suit to enforce a lien thereon, not affected by the Bankruptcy Act under section 67d (Comp. St. § 9651), its jurisdiction to dispose of such property was exclusive, and not subject to interference by the bankruptcy court in proceedings subsequently instituted against the defendants.

2. Bankruptcy ⟨key⟩211—Judgment of state court, which acquired prior jurisdiction, held conclusive on bankruptcy court.

A judgment of a state court, subjecting to a lien property over which it acquired jurisdiction prior to bankruptcy proceedings against the defendants, held conclusive on them and their trustee in bankruptcy, and not subject to review or annulment by the bankruptcy court.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

In the matter of Wright & Weissinger, bankrupts; E. O. Wynne, trustee. Petition of the Brown Shoe Company to revise an order of the District Court. Reversed.

For opinion below, see 277 Fed. 514.

E. L. Trenholm, of Jackson, Miss., for petitioner.
A. M. Maxson, of Clarksdale, Miss., for respondent.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. On January 27, 1921, the petitioner, Brown Shoe Company, brought suit in the circuit court of Bolivar county, Miss., against the individuals composing the firm of Wright & Weissinger for the enforcement of a claimed statutory lien on certain shoes for the purchase price thereof, and under process issued in that case the sheriff of Bolivar county seized and took into his possession the shoes mentioned. After this occurred Wright & Weissinger, on January 31, 1921, were adjudged bankrupts on their voluntary petition filed on that day in the court below. On April 5, 1921, the circuit court of Bolivar county rendered judgment in favor of the petitioner, adjudging that petitioner had a vendor's lien on the shoes mentioned for the ascertained amount of the purchase price and interest, that those shoes be sold by the sheriff in the manner provided by law, and that the proceeds of the sale, after the payment of costs, be paid to the petitioner.

Thereafter the trustee in bankruptcy of Wright & Weissinger filed a motion or petition in the bankruptcy proceeding, praying an order of the court directing the sheriff of Bolivar county to surrender to

the trustee the shoes mentioned. The petitioner herein appeared voluntarily in opposition to that motion or petition. Pending a decision on that motion, by consent the shoes were sold by the sheriff as provided by the above-mentioned judgment, and the proceeds of that sale were delivered to the trustee, to be held as a separate fund awaiting a final decision. The above-mentioned motion or petition resulted in an order that said shoes, or the proceeds of the sale thereof, be delivered unconditionally to said trustee in bankruptcy, for distribution to general creditors; the petitioner being permitted to share as a general creditor. The just mentioned order is presented for review.

[1] That the statutory lien (Code Miss. 1906, § 3079) sought to be enforced by the suit brought in the state court is one which is not avoided by a bankruptcy proceeding instituted against the defendants in such a suit after it was brought was decided by this court in the case of Norris v. Trenholm, 209 Fed. 827, 126 C. C. A. 551. This is not a case of a bankruptcy court passing on an asserted lien on property of the bankrupt which was in his possession when the bankruptcy petition was filed. Prior to the institution of the bankruptcy proceeding the state court's jurisdiction of the parties to the suit brought therein and of the subject-matter of that suit had attached, and by its process it had acquired possession of the property sought to be subjected to a lien claimed to have existed before that suit was brought. The state court's prior acquired jurisdiction was not destroyed by the bankruptcy proceeding, and its jurisdiction and possession were not subject to be interfered with by the bankruptcy court. Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, 38 L. Ed. 981; Hiscock v. Varick Bank, 206 U. S. 28, 27 Sup. Ct. 681, 51 . Ed. 945.

[2] The order which is in question was the result of the bankruptcy court's conclusion that there was a valid defense to the claim asserted by the suit brought in the state court, which defense could have been made in that suit by the bankrupts or their trustee. In re New England Breeders' Club (D. C.) 175 Fed. 501; Hobbs v. Head & Dowst Co., 184 Fed. 409, 106 C. C. A. 519; Hobbs v. Head & Dowst Co., 231 U. S. 692, 34 Sup. Ct. 253, 58 L. Ed. 440. The jurisdiction of the state court having first attached, the question whether there was or was not such a defense was exclusively for its determination. That jurisdiction included the right and power to adjudge the existence of the lien asserted and to enforce it against the property in the court's possession claimed to be the subject of it. The judgment rendered in the state court had the effect of estopping the defendants therein, the bankrupts, and their trustee, from asserting or maintaining any matter that might have been offered in that suit to defeat the claim asserted by the plaintiff therein. Rader v. Star Mill & Elevator Co., 258 Fed. 599, 169 C. C. A. 541. So far as appears, the trustee in bankruptcy did not seek to intervene in the suit in the state court, or to present therein the defense relied on to defeat the asserted lien, but after the rendition of the judgment in that suit procured from the bankruptcy court an order having the effect of annulling that judgment and of withdrawing from the possession of the

state court property seized under its process before the bankruptcy proceeding was instituted.

It is not to be questioned that the exercise by the state court of its jurisdiction to enforce the asserted pre-existing statuory lien would be frustrated, and its power over property actually in its possession prior to and at the time of the institution of the bankruptcy proceeding would be denied and defeated, by the enforcement of the order made by the bankruptcy court. The making of that order involved the assertion of a claim by the bankruptcy court of a right to take from the state court property which was in the latter's custody and possession when the bankruptcy proceedings against the owners of that property were instituted, and to deprive of effect the judgment rendered by the state court in a suit brought in it prior to the bankruptcy for the enforcement of a lien which, under an express provision of Bankruptcy Act, § 67d (Comp. St. § 9651), is not affected by that act. By the order in question the bankruptcy court undertook to decide a question or questions which were foreclosed by the judgment of the state court, so long as that judgment is permitted to stand by the court which rendered it or by a court having jurisdiction to review it. In our opinion that jurisdiction was not possessed by the bankruptcy court. The petition is granted, and the order complained of is vacated and annulled.

Petition granted.